PEOPLE v DUNIGAN

Docket No. 46974. Submitted February 7, 1980, at Grand Rapids.—
Decided April 2, 1980.

Defendant, Anthony Dunigan, a minor, was charged with murder
and assault with intent to rob being armed in the Kalamazoo
Circuit Court. A petition had been filed by the prosecutor in
juvenile court asking the court to take jurisdiction of the
defendant. A bond was set and defendant was held in deten-
tion. The juvenile court held a preliminary hearing, found
probable cause to exist that defendant committed the acts
charged and continued the bond. The prosecutor requested a
waiver of jurisdiction to the circuit court. Another hearing was
held, pursuant to the Juvenile Court Rules, by a different
judge, who found probable cause to believe that crimes were
committed and that defendant committed them. A motion to
lower the bond was denied. A later hearing was held pursuant
to the rules and the court waived jurisdiction, binding defen-
dant over to circuit court for arraignment. Defendant was
arraigned in the circuit court and bond was continued. Defen-
dant moved to quash the information and discharge him from
custody on the ground that he had not received the proper
preliminary examination as provided by law. The court, Donald
T. Anderson, J., denied the motion. Defendant appeals by leave
granted. *Held:*

The right of a defendant to a preliminary examination is not
a constitutional right, but is a fundamental right in most
criminal cases and is a critical stage in criminal proceedings.
The primary function of a preliminary examination is to deter-
mine if a crime has been committed and, if so, if there is
probable cause to believe the defendant committed it. The
advantages of a preliminary examination to an accused are: 1)
the opportunity to gain knowledge of the evidence against him;
2) the opportunity for face-to-face confrontation with accusers;
3) the opportunity to perpetuate testimony; and 4) the opportu-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 443.
[2] 21 Am Jur 2d, Criminal Law § 442.
[3] 21 Am Jur 2d, Criminal Law § 442 *et seq.*

nity to determine the amount of bail. All of these advantages were accorded to the defendant in the juvenile court hearings. Under the circumstances it is unlikely the defendant would have substantially benefited by a preliminary examination.

Affirmed.

1. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — PROBABLE CAUSE.

The primary function of a preliminary examination is to determine if a crime has been committed and, if so, if there is probable cause to believe the defendant committed it.

2. CRIMINAL LAW — RIGHTS OF DEFENDANTS — PRELIMINARY EXAMINATION — CONSTITUTIONAL LAW — FUNDAMENTAL RIGHTS.

The right of a defendant to a preliminary examination is not a constitutional right, but is a fundamental right in most criminal cases and is a critical stage in criminal proceedings.

3. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — JUVENILE DEFENDANTS.

The advantages of a preliminary examination to an accused are: 1) the opportunity to gain knowledge of the evidence against him; 2) the opportunity for face-to-face confrontation with accusers; 3) the opportunity to perpetuate testimony; and 4) the opportunity to determine the amount of bail; a circuit court did not err in denying a preliminary examination to a juvenile criminal defendant who had undergone a probable cause hearing in juvenile court, been informed of the charges, was represented by counsel, had the opportunity to confront the witnesses against him, had the issue of bond raised several times, and had the issue of probable cause determined on two occasions by two different judges; under the circumstances it is unlikely the defendant would have substantially benefited by a preliminary examination.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Leroy E. Densmore, Jr.,* Assistant Prosecuting Attorney, for the people.

*DeVries & Lamb, P.C.,* for defendant.

Before: DANHOF, C.J., and R. B. BURNS and MAC-KENZIE, JJ.

MacKenzie, J. Defendant appeals, by leave granted and pursuant to an order for immediate consideration, from a Kalamazoo County Circuit Court order entered August 9, 1979, denying defendant's motion to quash an information charging him with felony-murder, contrary to MCL 750.316; MSA 28.548, and assault with intent to rob while armed, contrary to MCL 750.89; MSA 28.284. Trial has been adjourned pending appeal.

On January 6, 1979, a petition in the Kalamazoo County juvenile court was filed by the prosecutor requesting that the court take jurisdiction of defendant, who was then age 15. Upon the holding of a detention hearing, bond was set at $100,000 and defendant was placed in detention.

A preliminary hearing in juvenile court was held on January 18, 1979. The court found that probable cause existed to believe that defendant committed the crime charged. Bond was continued at $100,000.

On the same day, the prosecutor filed a petition requesting a waiver of jurisdiction, pursuant to JCR 1969, 11. At the time of defendant's waiver hearing, Rule 11 provided in part:

".1 * * * When a petition is filed requesting a waiver of jurisdiction under MCLA 712A.4; MSA 27.3178(598.4), the hearing consists of 2 phases. The interval between them, if any, is within the court's discretion.

"(A) Phase 1: Showing of Probable Cause. The court shall first determine if a crime has been committed which, if committed by an adult, would be a felony and if there is probable cause to believe that the child committed the crime. The determination must be based on legally admissible evidence.

"(B) Phase 2: Criteria for Waiver. On a showing of probable cause, the court shall conduct a full investigation to determine whether the interests of the child and

the public would best be served by granting a waiver of jurisdiction to a court of criminal jurisdiction."

Phase 1 of the waiver proceedings was held on January 24, 1979, before probate judge James S. Casey. The judge declared that the purpose of the Phase 1 hearing was to determine if a crime has been committed which if committed by an adult would be a felony and if there was probable cause to believe the child committed the crime. The judge stated that the determination must be based on legally admissible evidence. At the conclusion of the hearing, the judge found probable cause to believe that defendant committed the crimes charged. The court denied a defense request to have the bond lowered.

Phase 2 of the waiver proceedings took place on March 26, 1979, pursuant to JCR 1969, 111.1(B). On April 24, 1979, the court entered an order waiving jurisdiction and binding defendant over to circuit court for arraignment.

On May 14, 1979, an information was filed in Kalamazoo County Circuit Court charging defendant with felony murder and assault with intent to rob while armed. A preliminary examination was not held in district court. Defendant was arraigned on June 18, 1979, and the previous bond was continued.

Defendant filed a motion to quash the information and to discharge him from custody on June 21, 1979, on the ground that defendant had not received the proper preliminary examination as provided by law. Such motion was denied by the trial court on August 9, 1979.

On September 20, 1979, this Court ordered immediate consideration of defendant's emergency appeal application. In response to defendant's mo-

tion, on October 10, 1979, the circuit court judge granted adjournment of trial and a stay of proceedings in circuit court pending appeal.

Defendant contends that the circuit court judge erred in denying his motion to quash the information, claiming that he cannot be tried on an information without the previous holding of a preliminary examination in district court.

The circuit court judge held that a preliminary examination was not mandatory once a juvenile has been transferred to the adult system. The court noted the procedures of Phase 1 of the waiver hearing and a district court preliminary examination are the same. In both hearings, the judge must make a determination that a crime has been committed and that there is reasonable cause to believe that defendant committed it. Further, in both hearings, the defendant is entitled to representation by an attorney, appointed if necessary. The judge noted that the statute concerning the waiver from juvenile court, MCL 764.27; MSA 28.886, states that the waiver shall be directed to a court of general criminal jurisdiction (circuit court).

The circuit court judge additionally noted that the rights of the accused juvenile are protected to an even greater extent in the juvenile waiver process than they are in the preliminary examination held in district court, since in Phase 2 of the proceedings the judge must consider various circumstances of the defendant.

We agree with the circuit judge that in the instant case it was not mandatory that defendant be provided a preliminary examination in district court prior to arraignment.

The significance of the preliminary examination

was discussed by this Court in *People v Skowronek,* 57 Mich App 110, 114; 226 NW2d 74 (1974):

"The right of defendant to a preliminary examination is not a constitutional right, *Woon v Oregon,* 229 US 586; 33 S Ct 793; 57 L Ed 1340 (1913), but it is one which the Michigan Supreme Court has called a 'fundamental right in most criminal cases', *People v Duncan,* 388 Mich 489, 502; 201 NW2d 629, 635 (1972), and the United States Supreme Court has found to be a 'critical stage' in criminal proceedings. *Coleman v Alabama,* 399 US 1, 9; 90 S Ct 1999, 2003; 26 L Ed 2d 387, 397 (1970). 'The primary function of a preliminary examination is to determine if a crime has been committed and, if so, if there is probable cause to believe the defendant committed it.' *People v Duncan, supra,* at 499; 201 NW2d at 633".

Since the preliminary examination is a "critical stage" in the criminal justice system, the accused is entitled to representation of counsel. *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970).

As noted by the circuit judge, Phase 1 of the waiver hearing accomplishes the same purpose as the preliminary hearing. Further, this determination is made with the same procedural safeguards, such as right to counsel. In *People v Duncan,* 388 Mich 489; 201 NW2d 629 (1972), the Court recognized the following advantages of the preliminary examination to the accused: (1) the opportunity to gain knowledge of the evidence against him; (2) the opportunity for face-to-face confrontation with accusers; (3) the opportunity to perpetuate testimony; and (4) the opportunity to determine the amount of bail.

In the instant case, defendant was not prejudiced by the lower court's refusal to grant him the opportunity for a preliminary examination in district court. At the Phase 1 probable cause hearing

in juvenile court, defendant was informed of the charges against him; he was represented by counsel; he had the opportunity to confront the witnesses against him; the issue of bond was raised several times. A probable cause determination was made on two separate occasions in juvenile court by two different judges. Therefore, it is unlikely that defendant in the present case would have substantially benefited by a preliminary examination in district court.

Affirmed.