PEOPLE v DUNIGAN

Docket No. 63964. Decided November 24, 1980. On application by defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the decision of the Court of Appeals and remanded the case to the Kalamazoo Circuit Court for further proceedings.

Anthony Dunigan, who was 15 years old, was charged in Kalamazoo County Probate Court, Juvenile Division, with first-degree murder and assault with intent to rob while armed. After the Kalamazoo County Probate Court, John M. Pikkaart, J., assumed jurisdiction over Dunigan, the prosecuting attorney moved that the probate court waive jurisdiction to the circuit court for trial of Dunigan as an adult. The Kalamazoo County Probate Court, James S. Casey, J., after hearings, granted the motion. The defendant was arraigned on the charges in circuit court and moved to quash the information because there had not been a preliminary examination. The Kalamazoo Circuit Court, Donald T. Anderson, J., denied the motion to quash, and the Court of Appeals, Danhof, C.J., and R. B. Burns and Mac-Kenzie, JJ., affirmed on the ground that the defendant had suffered no prejudice from the failure to hold a preliminary examination because the same issues had been considered in the probate court proceedings as would have been considered at a preliminary examination (Docket No. 46974). Defendant applies for leave to appeal. *Held:*

It is true that many of the purposes served by a preliminary examination were met by the waiver hearings in probate court, during which the probate judge was required to find that a felony had been committed and that there existed probable cause to believe that the child had committed the felony. Further, the probate court considered the amount of bail. However, the right of defendants tried upon information to a preliminary examination is statutory. The holding of a preliminary examination and proper return by a magistrate, unless they are waived or the accused is a fugitive, are conditions precedent to the filing of an information in circuit court. Defendant Dunigan has not waived the right to preliminary examination, but has timely asserted it; nor is he a fugitive

from justice. There is no express statutory exception to the requirement of a preliminary examination in a case where the defendant is subject to trial following a juvenile court waiver, and there is no compelling reason to create such an exception by judicial fiat. The right to a preliminary examination should not be held inapplicable to a juvenile defendant, because justice requires the criminal system to proceed with utmost care when children are to be treated as adults. Recognition of a juvenile defendant's right to a preliminary examination after waiver of jurisdiction to the circuit court is also consistent with the present language of the Juvenile Court Rules of 1969. The Court has previously refused to dispense with the requirement by amendment of the court rule and declines to abrogate it by decision in this case.

The decision of the Court of Appeals is reversed and the case is remanded to the Kalamazoo Circuit Court for further proceedings.

96 Mich App 577; 293 NW2d 637 (1980) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Leroy E. Densmore, Jr.,* Assistant Prosecuting Attorney, for the people.

*DeVries & Lamb, P.C.,* for defendant.

PER CURIAM. The sole issue presented is whether a preliminary examination must be held preceding the filing of an information in circuit court against a juvenile who is to be tried as an adult on felony charges.

## FACTS

Defendant is charged with having committed the offenses of first-degree felony murder and assault with intent to rob while armed. MCL 750.316; MSA 28.548; MCL 750.89; MSA 28.284. Defendant was 15 years old at the time he is alleged to have committed these offenses. Following a hearing, the

probate judge granted a petition to assume juris-
diction over defendant.

On January 18, 1979, the Kalamazoo County
prosecuting attorney moved that the juvenile court
waive jurisdiction over defendant to the Kalama-
zoo Circuit Court for trial on the charges as an
adult.[1] Pursuant to the motion, a two-part hearing
was held. The first phase of the waiver hearing
was held on January 24, 1979.[2] The judge con-
cluded that there existed probable cause to believe
defendant had committed the offenses charged in
the petition and motion. Thereafter, further hear-
ings were held to determine whether the interests
of the child and the public would best be served by
waiving jurisdiction over defendant to circuit
court.[3] On April 24, 1979, an order entered waiv-

[1] MCL 712A.4(1); MSA 27.3178(598.4)(1), provides as follows:

"Where a child who has attained the age of 15 years is accused of
any act the nature of which constitutes a felony, the judge of probate
of the county wherein the offense is alleged to have been committed
may waive jurisdiction pursuant to this section upon motion of the
prosecuting attorney, whereupon it shall be lawful to try such child in
the court having general criminal jurisdiction of such offense."

[2] MCL 712A.4(3); MSA 27.3178(598.4)(3) provides:

"Before the court waives jurisdiction, it shall determine if there is
probable cause to believe that the child committed an offense which if
committed by an adult would be a felony."

JCR 1969, 11.1(A) further provides:

"When a petition is filed requesting a waiver of jurisdiction under
MCL 712A.4; MSA 27.3178(598.4), the hearing consists of 2 phases.
The interval between them, if any, is within the court's discretion.

"(A) Phase 1: Showing of Probable Cause. The court shall first
determine if a crime has been committed which, if committed by an
adult, would be a felony and if there is probable cause to believe that
the child committed the crime. The determination must be based on
legally admissible evidence."

[3] MCL 712A.4(4); MSA 27.3178(598.4)(4) provides:

"Upon a showing of probable cause, the court shall conduct a
hearing to determine whether or not the interests of the child and the
public would be served best by granting a waiver of jurisdiction to the
criminal court. In making the determination, the court shall consider
the following criteria:

"(a) The prior record and character of the child, his physical and
mental maturity and his pattern of living.

"(b) The seriousness of the offense.

ing jurisdiction over defendant.[4]

On May 14, 1979, an information was filed in circuit court charging defendant with felony murder and assault with intent to rob while armed. Following arraignment, defendant moved to quash the information. Defendant claimed the information was defective for the reason that it was not preceded by a preliminary examination. The circuit court denied the motion to quash and the Court of Appeals affirmed. 96 Mich App 577; 293 NW2d 637 (1980). Defendant filed a timely application for leave to appeal with this Court.

We hold that a preliminary examination must be held, unless examination is waived by the de-

"(c) Whether the offense, even if less serious, is part of a repetitive pattern of offenses which would lead to a determination that the child may be beyond rehabilitation under existing juvenile programs and statutory procedures.

"(d) The relative suitability of programs and facilities available to the juvenile and criminal courts for the child.

"(e) Whether it is in the best interests of the public welfare and the protection of the public security that the child stand trial as an adult offender."

JCR 1969, 11.1(B) provides in part:

"Phase 2: Criteria for Waiver. On a showing of probable cause, the court shall conduct a full investigation to determine whether the interests of the child and the public would best be served by granting a waiver of jurisdiction to a court of criminal jurisdiction.

"In making the determination, the following criteria must be considered and the court shall make findings on them before a waiver may be granted:

"(1) the prior record and character of the child, his physical and mental maturity, and his pattern of living;

"(2) the seriousness of the offense;

"(3) even though less serious, if the offense is part of a repetitive pattern of offenses which would lead to a determination that the child may be beyond rehabilitation under the regular statutory juvenile procedures;

"(4) the relative suitability of programs and facilities available to the juvenile and criminal courts for the child;

"(5) whether the best interests of the public welfare and the protection of the public security, generally, require that the juvenile stand trial as an adult offender."

[4] The present appeal does not concern whether waiver was properly ordered.

fendant or unless defendant is a fugitive from justice. MCL 767.42; MSA 28.982. The motion to quash should have been granted. Accordingly, the decisions of the Court of Appeals and circuit court are reversed and the case is remanded for further proceedings.

## DISCUSSION

The decisions of the circuit judge and Court of Appeals were premised primarily upon the conclusion that defendant suffered no prejudice from the failure to hold a preliminary examination. It was concluded that the goals served by a preliminary examination were met by phase 1 of the juvenile court waiver hearings.

In *People v Charles D Walker,* 385 Mich 565, 573; 189 NW2d 234 (1971), this Court reiterated that the primary purpose of a preliminary examination is to ascertain whether a crime has been committed and whether probable cause exists to believe that the accused is guilty of having committed the crime. Other purposes served by an examination include determination of the amount of bail if the accused is held for trial, and the weeding out of groundless or unsupported charges of serious offenses. In addition, it affords the opportunity to relieve the accused of the degradation and expense of a criminal trial and of the deprivation of his liberty if no probable cause exists. *People v Duncan,* 388 Mich 489, 501; 201 NW2d 629 (1972).

We agree with the lower courts' analysis that many of the purposes served by a preliminary examination were met by the waiver hearings. During the waiver hearings, the probate judge was required to find that a felony had been committed and that there existed probable cause to believe

the child committed the felony. Further, the probate judge considered the amount of bail.

However, we cannot agree with the reasoning that the defendant is not entitled to a preliminary examination because he has made no affirmative demonstration of prejudice resulting from the failure to hold an examination.

A criminal defendant charged with a felony is not specifically entitled to a preliminary examination under provisions of the state or Federal constitutions. *People v Duncan, supra,* 495; *People v McCrea,* 303 Mich 213, 248; 6 NW2d 489 (1942). Rather, the right of criminal defendants tried upon information to a preliminary examination has been codified in statutory enactments. Specifically, MCL 767.42; MSA 28.982 provides:

"(1) An information shall not be filed against any person for a felony until such person has had a preliminary examination therefor, as provided by law, before an examining magistrate, unless that person waives his statutory right to an examination. If any person waives his statutory right to a preliminary examination without having had the benefit of counsel at the time and place of the waiver, upon proper and timely application by the person or his counsel, before trial or plea of guilty, the court having jurisdiction of the cause, in its discretion, may remand the case to a magistrate for a preliminary examination.

"(2) An information may be filed without a preliminary examination against a fugitive from justice, and any fugitive from justice against whom an information shall be filed may be demanded by the governor of this state of the executive authority of any other state or territory, or of any foreign government, in the same manner and the same proceedings may be had thereon as provided by law in like cases of demand upon indictment filed."

It was recognized early in Michigan jurispru-

dence that any person accused of a felony, and tried upon an information, has a statutory right to a preliminary examination. Further, the holding of an examination and the filing of a proper return by a magistrate are considered conditions precedent to the filing of an information in circuit court. *People v Wright,* 89 Mich 70, 76; 50 NW 792 (1891). In *People v Duncan, supra,* this right was extended to all criminal defendants charged with felonies who sought an examination following indictment by a grand jury. The *Duncan* Court further stated:

"In all future cases wherein a defendant is accused of a felony, the right to a preliminary examination shall exist."

Defendant Dunigan has not waived this right, but rather, has timely asserted it. Nor is he a fugitive from justice.

There is no express statutory exception to the requirement that an examination be held in cases where a defendant is subject to trial following a juvenile court waiver order. We discern no compelling reason to create such an exception by judicial fiat.

Although, for the purpose of determining whether a waiver of jurisdiction should be granted, the juvenile judge must find a felony has been committed and there is probable cause to believe the child committed the crime, the right to a preliminary examination should not be held inapplicable to juveniles. Criminal justice requires our system to proceed with utmost care when children are to be treated as adults.

Finally, recognition of a juvenile's right to a preliminary examination, following a waiver or-

der, is consistent with the present language of JCR 1969, 11.6.

Rule 11.6 was amended in 1978. The proposed amendment to this rule, published on July 22, 1977, for comment, read in part as follows:

"If a waiver is granted, a written statement for the court setting forth findings forming the basis of the waiver must accompany or be included in the order. *A preliminary examination is not required. The child must be bound over to the court of general criminal jurisdiction for arraignment.*" (Emphasis added.) 400 Mich 1058 (1977).

Rule 11.6, as finally amended, now reads in part:

"If a waiver is granted, a written statement of the court setting forth findings forming the basis for the waiver must accompany or be included in the order. *The child must be bound over to the court of general criminal jurisdiction for arraignment.*" (Emphasis added.) 403 Mich lxxi (1978).

Our opinion is consistent with the direction of Rule 11.6 that "[t]he child * * * be bound over to the court of general criminal jurisdiction for arraignment". It is well settled that prior to arraignment on an information in circuit court, an information must be filed. Except in cases where examination is waived, an information may not be filed unless preceded by a preliminary examination, and return by a magistrate under MCL 767.42; MSA 28.982.

This Court has previously refused to dispense with the requirement that a preliminary examination be accorded a juvenile felony defendant by rule amendment. We will not abrogate this requirement by case decision.

For the foregoing reasons, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the decisions of the Court of Appeals and the circuit court and remand to the circuit court for proceedings not inconsistent with this opinion.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.