PEOPLE v PHILLIPS

Docket No. 67285. Argued October 13, 1981 (Calendar No. 5).—Decided December 23, 1982.

Vincent E. Phillips, a 16-year-old juvenile, was charged with armed robbery and first-degree criminal sexual conduct. The prosecutor petitioned the Kalamazoo Probate Court for a waiver of jurisdiction to the Kalamazoo Circuit Court for prosecution as an adult. The probate court, James S. Casey, J., conducted a two-phase waiver hearing and waived jurisdiction to the circuit court. The defendant's motion for an order remanding the case to the district court for a preliminary examination was denied, and he was convicted by a jury of both offenses. His motion for a new trial on the ground that he had been denied his right to a preliminary examination was granted by the Kalamazoo Circuit Court, C. H. Mullen, J. The Court of Appeals, Danhof, C.J., and M. F. Cavanagh and D. E. Holbrook, Jr., JJ., denied leave to appeal (Docket No. 57694). The people appeal.

In an opinion by Justice Ryan, joined by Chief Justice Fitzgerald, and Justices Kavanagh, Williams, Levin, and Coleman, the Supreme Court *held*:

Any defendant accused of a felony, including a juvenile defendant, is entitled to a preliminary examination before being charged in a criminal information unless the examination is waived or the defendant is a fugitive from justice.

1. The Code of Criminal Procedure requires that there be a preliminary examination prior to the filing of an information charging any person with a felony unless the examination is waived. There is no express statutory exception to the requirement where the defendant is a juvenile tried in a circuit court following a waiver by a probate court.

2. The Supreme Court has emphasized the right to a preliminary examination and has extended it to persons charged by grand jury indictment. The decision that a juvenile waived to

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 411, 415.
[2] 46 Am Jur 2d, Judgments §§ 459, 460.

the circuit court for trial is entitled to a preliminary examination before he may be charged in an information did not announce a new rule in the sense that it was a departure from clear precedent or that an issue of first impression whose resolution was not clearly foreshadowed was decided. Thus, no question of retroactive application arises. The fact that it may have been the practice in the past to deny a preliminary examination in cases involving juveniles tried as adults does not justify prospective application of the decision which applied the statute to a juvenile defendant. No matter how widespread such a practice may have been, it was illegal and is not the sort of clear precedent which should cause the analysis used in determining whether a new rule should have retrospective application.

3. The prosecutor argues that the decision by the Court of Appeals which permitted a phase of a waiver hearing to take the place of a preliminary examination, later reversed by the Supreme Court, was binding precedent during the seven-month interval between its announcement and its reversal, and that the reversal announced a new rule. A timely application for leave to appeal to the Supreme Court from the Court of Appeals effectively stays the decision of the Court of Appeals as a final adjudication, and denies it precedential force until denial of the application for leave to appeal or some other disposition of the case is announced. The order granting the defendant's timely application for leave to appeal to the Supreme Court in the case relied on by the prosecutor, followed by the reversal of the decision of the Court of Appeals, prevented it from ever having precedential effect. The judgment of the circuit court is affirmed. The defendant is entitled to a new trial.

Affirmed.

1. INDICTMENT AND INFORMATION — PRELIMINARY EXAMINATION — JUVENILE DEFENDANTS.

Any defendant accused of a felony, including a juvenile defendant waived to the circuit court, is entitled to a preliminary examination before being charged in a criminal information unless the examination is waived or the defendant is a fugitive from justice (MCL 767.42; MSA 28.982).

2. COURTS — OPINIONS — PRECEDENT — APPEAL.

A timely application for leave to appeal a decision of the Court of Appeals to the Supreme Court effectively stays the decision of the Court of Appeals as a final adjudication and denies it

precedential force until the application is denied or some other disposition of the case is announced.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *James A. Christopherson,* Assistant Prosecuting Attorney, for the people.

*Wickett, Bartl, Haslett, Baugh & Laudenslager, P.C.* (by *Mary E. Delehanty),* for the defendant.

RYAN, J. In 1979, the defendant, then a 16-year-old juvenile, was charged in the Kalamazoo County Probate Court with the offenses of first-degree criminal sexual conduct, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e), and armed robbery, MCL 750.529; MSA 28.797. The prosecuting attorney petitioned the probate court for a waiver of jurisdiction to the circuit court in order to have the defendant prosecuted as an adult. In November of 1979 and January of 1980, the two-phase waiver hearing, as required by JCR 1969, 11.1,[1] was conducted and on February 15, 1980, the probate court entered its order waiving jurisdiction of the defendant to the Ninth Judicial Circuit Court (Kalamazoo County).

On May 2, 1980, the defendant, who had been

---

[1] Juvenile Court Rule 1969, 11.1(a) provides in part:

".1 Hearing; Quantum of Proof; Criteria for Waiver. When a petition is filed requesting a waiver of jurisdiction under MCLA 712A.4; MSA 27.3178(598.4), the hearing consists of 2 phases. The interval between them, if any, is within the court's discretion.

"(a) Phase 1: Showing of Probable Cause. The court shall first determine if a crime has been committed which, if committed by an adult, would be a felony and if there is probable cause to believe that the child committed the crime. The determination must be based on legally admissible evidence.

"(b) Phase 2: Criteria for Waiver. On a showing of probable cause, the court shall conduct a full investigation to determine whether the interests of the child and the public would best be served by granting a waiver of jurisdiction to a court of criminal jurisdiction."

represented by the same appointed counsel from the outset of the juvenile proceedings, moved for an order remanding the case to the district court for the purpose of holding a preliminary examination on the offenses charged. The circuit court denied the motion. The defendant then proceeded to trial and was found guilty of the offenses charged and was sentenced to life imprisonment on each charge.

On September 12, 1980, the defendant moved for a new trial on the ground *inter alia* that he had been denied the right to a preliminary examination. It was not until May 11, 1981, that a hearing was held on this motion, at which time the circuit judge granted the motion, declaring that he based his decision upon this Court's decision in *People v Dunigan,* 409 Mich 765; 298 NW2d 430 (1980).

In *Dunigan,* we held that when jurisdiction of a juvenile offender is waived to the circuit court, the defendant is entitled to a preliminary examination before he may be charged in a criminal information unless examination is waived by the defendant or he is a fugitive from justice. We recounted in *Dunigan* the statutory basis for entitlement to a preliminary examination in this state and observed that both the statute, MCL 767.42; MSA 28.982, and our opinion in *People v Duncan,* 388 Mich 489; 201 NW2d 629 (1972), provide that no information charging a felony may be filed against *any* person unless he is first afforded the opportunity for a preliminary examination, and that such examination must be held unless the "examination is waived by the defendant or unless defendant is a fugitive from justice".[2]

---

[2] In *Dunigan,* both the circuit court and the Court of Appeals based their rulings on the rationale that in view of the nature and purpose of the two-phase hearing mandated by JCR 1969, 11.1(a), a preliminary examination was redundant.

The Court of Appeals, for example, said:

While acknowledging our decision in *Dunigan, supra,* the prosecuting attorney argues that *Dunigan* announced a new rule of law and, since it was promulgated after the denial of the defendant's request for a preliminary examination in this case, it is not controlling of this case unless it is to be given retroactive effect.

Proceeding on that assumption, the prosecuting attorney's brief and oral argument were directed principally to an analysis of the familiar test for retroactivity of a new rule of law as first announced in *Linkletter v Walker,* 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965), and applied in Michigan in *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971).

We think the prosecuting attorney's assumption that *Dunigan* announced a "new rule of law" has led him to misapprehend the real issue in this case.

*Dunigan* neither announced a departure from clear precedent nor decided an issue of first im-

"[I]t was not mandatory that defendant be provided a preliminary examination in district court prior to arraignment.

* * *

"Phase 1 of the waiver hearing [JCR 1969, 11.1(a)] accomplishes the same purpose as the preliminary hearing." *People v Dunigan,* 96 Mich App 577; 293 NW2d 637 (1980).

It was the perceived duplication of process which apparently prompted the circuit judge in this case to deny the defendant's request for a preliminary examination.

We acknowledged, in reversing the Court of Appeals decision in *Dunigan,* that "[t]he primary purpose of a preliminary examination is to ascertain whether a crime has been committed and whether probable cause exists to believe that the accused is guilty of having committed the crime", and that the juvenile waiver hearing served that same purpose. We observed further, however, that the preliminary examination served other purposes as well.

It is interesting to note that when, upon remand, defendant Dunigan was finally afforded a preliminary examination, he was bound over for trial to the circuit court to stand trial for second-degree murder rather than first-degree murder, the offense with which he was originally charged and "waived" to circuit court.

pression whose resolution was not clearly foreshadowed. Thus, it is not a "new rule of law" and, as a result, no question of retroactive application arises. We find, therefore, that the circuit court correctly ordered a new trial because this juvenile defendant was not given the examination he timely demanded.

Before any question of the retroactive application of an appellate decision arises, it must be clear that the decision announces a new principle of law. A rule of law is *new* for purposes of resolving the question of its retroactive application in the sense addressed in *Linkletter* and *Hampton* and asserted by the plaintiff, either when an established precedent is overruled or when an issue of first impression is decided which was not adumbrated by any earlier appellate decision. In *Chevron Oil Co v Huson,* 404 US 97, 106; 92 S Ct 349; 30 L Ed 2d 296 (1971), the United States Supreme Court stated:

"[T]he decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, * * * or by deciding an issue of first impression whose resolution was not clearly foreshadowed."

There are two apparent bases for the prosecuting attorney's claim that *Dunigan* announced a new rule of law: 1) that this Court's holding in *Dunigan* effectively "overruled" the alleged widespread practice of not holding preliminary examinations in juvenile waiver cases, and 2) that our decision in *Dunigan* reversing the Court of Appeals determination that "it was not mandatory that defendant be provided a preliminary examination in district court prior to arraignment" amounted to an overruling of the "old rule" upon

which the trial court relied in denying the defendant's request for a preliminary examination.

The prosecutor argues, both expressly and by implication, that until our *Dunigan* decision there existed a widespread practice of denying a preliminary examination to juveniles whose cases were waived to the circuit court. That claim appears in the prosecutor's application for leave to appeal:

"This issue involves legal principles of major significance to the jurisprudence of this state because the practice of not holding a preliminary examination after a juvenile waiver hearing was widely followed prior to the decision of *Dunigan* in December of 1980. This issue should immediately be decided to avoid widespread confusion in the Michigan circuit courts and in the Michigan Court of Appeals."

And, in the prosecutor's brief:

"If the *new* rule requiring a preliminary examination after a juvenile waiver hearing is given retroactive application, this will mean that many convicted juveniles will have to be retried or released. As in *[People v Auer,* 393 Mich 667; 227 NW2d 528 (1975)] this will require many new trials. Prosecutors will have the burden of putting together old evidence. Needless expenditures of labor, time and money will be used to retry already convicted felons. This will have an adverse impact on the criminal justice." (Emphasis added.)

We had not thought that any such widespread practice existed. Because the record before us contains no statistics on the matter, we are unable to verify the plaintiff's claim that denial of preliminary examination to juveniles, jurisdiction of whom has been waived to the circuit court, was a practice "widely followed" prior to *Dunigan.* In point of fact, the "practice" may have been con-

fined to Kalamazoo County. Both *Dunigan* and this case are appeals from the refusal of the Kalamazoo Circuit Court to grant requested preliminary examinations in juvenile waiver cases.

Upon close questioning of the assistant prosecuting attorney by this Court during oral argument, it was made to appear that the prosecutor's claim of an established "widespread" practice of denying preliminary examinations in cases such as this is unsupportable:

"*Justice Levin:* Okay. Now had it been the practice before *Dunigan* to hold preliminary examination in waiver cases?

"*Mr. Christopherson [Assistant Prosecuting Attorney]:* I believe *Dunigan* was the first case which really dealt with this issue.

"*Justice Levin:* I know, but had it been the practice in Kalamazoo County to hold preliminary examinations in waiver cases; did you stop doing it when you heard that *Dunigan* came down?

"*Mr. Christopherson:* Well first of all, there are very few waiver cases that come through, and I don't believe it was a practice, no, preliminary examinations were given. *Dunigan* was perhaps a *test case.* And between— (emphasis added).

"*Justice Levin:* There were preliminary examinations in waiver cases?

"*Mr. Christopherson:* I can't cite you to specific cases and say there were or weren't, were or were not.

"*Justice Levin:* You don't know?

"*Mr. Christopherson:* No. And as far as I know, between the time that *Dunigan* came down, between the Court of Appeals and the Supreme Court decisions, Vincent Phillips is the only waiver case we had.

\* \* \*

"*Justice Levin:* So there wasn't—before *Dunigan* was decided by the Court of Appeals, the practice in Kalamazoo County was that the circuit judge had ruled that it wasn't necessary to hold preliminary examinations?

"*Mr. Christopherson:* That's right, in *Phillips* we were going to follow that circuit judge's decision.

"*Justice Levin:* What was that?

"*Mr. Christopherson:* In *Phillips* we were going to follow that circuit judge's decision.

"*Justice Levin:* And *Dunigan* was also a Kalamazoo case?

"*Mr. Christopherson:* That's correct.

"*Justice Levin:* Another circuit judge in Kalamazoo County?

"*Mr. Christopherson:* That's correct.

"*Justice Levin:* And you don't know what the practice is in other counties as far as preliminary examinations?

"*Mr. Christopherson:* I can't testify to that, no, your Honor.

"*Justice Levin:* You just don't know.

"*Mr. Christopherson:* I don't know, that's correct."[3]

While there are no properly cognizable facts before us indicating whether a preliminary examination is generally accorded juvenile defendants after waiver in this state, it is clear that there is no evidence to the contrary and that the assistant prosecuting attorney in this case apparently knows of none.

Even if it were the practice to deny the opportunity for a preliminary examination in cases such as this, the practice would be wholly without legal justification and directly contrary to the command of the Legislature and the 1972 pronouncement of this Court in *Duncan, supra.*

---

[3] Earlier, during oral argument, the defendant's counsel stated:

"And I have found from talking to other individuals, especially in Wayne County, that they have been giving preliminary examinations for a long time, and that when *Dunigan,* the Court of Appeals decision, came down, it rattled the chains all around Wayne County. It was a whole different phenomenon, and a different ballgame than they have been used to dealing in. They couldn't believe it. That was the new decision. That was the new rule—the Court of Appeals decision in *Dunigan.*"

MCL 767.42; MSA 28.982, as amended by 1974 PA 63, provides:

"(1) An information shall not be filed against *any* person for a felony until such person has had a preliminary examination therefor, as provided by law, before an examining magistrate, unless that person waives his statutory right to an examination. If any person waives his statutory right to a preliminary examination without having had the benefit of counsel at the time and place of the waiver, upon proper and timely application by the person or his counsel, before trial or plea of guilty, the court having jurisdiction of the cause, in its discretion, may remand the case to a magistrate for a preliminary examination." (Emphasis added.)

This broad statutory mandate has existed since 1859,[4] and to our knowledge, before the *Dunigan* "test case", no expression from any member of this Court has ever suggested that there existed an exception for juvenile waiver cases.

In *People v Duncan,* 388 Mich 489, 502; 201 NW2d 629 (1972), a case involving a question whether a defendant charged under a grand jury indictment was entitled to a preliminary examination, this Court declared:

"We hold that in each case, and in all pending cases in which the right to a preliminary examination was asserted prior to trial and is presently being asserted, such right shall be accorded to the defendant. In all future cases wherein a defendant is accused of a felony, the right to a preliminary examination shall exist." (Footnote omitted.)

While *Duncan* was not concerned with providing a preliminary examination to a juvenile, it emphasized the historic statutory entitlement of every

---

[4] See 1859 PA 138.

person to a preliminary examination prior to the filing of a felony information and, in recognition of the importance of such a hearing, extended it to persons charged by a grand jury indictment, a class never before thought to be entitled to such a right.

Given the history since 1859 of statutory entitlement to a preliminary examination for "any person" with respect to whom an information is to be filed, followed by this Court's extension of the right in *Duncan,* no matter how widespread the practice of denying an examination to juvenile defendants may have been, it is an illegal practice and is not the sort of "clear precedent" which should trigger a "new rule" retrospectivity analysis. Nor can the alleged practice be termed contrary to the resolution of "an issue of first impression * * * not clearly foreshadowed". *Chevron, supra.* In light of the longstanding statutory right to a preliminary examination for all felony defendants prior to the filing of an information, and in light of the plain language of *Duncan, supra,* our holding in *Dunigan* can hardly be considered the resolution of an issue of first impression. Rather, in *Dunigan,* this Court simply applied the statute to the facts. But, even assuming *Dunigan* did decide an issue of first impression, when we said in *Dunigan,* at p 771, that

"[t]here is no express statutory exception to the requirement that an examination be held in cases where a defendant is subject to trial following a juvenile court waiver order. We discern no compelling reason to create such an exception by judicial fiat",

we clearly did not decide a matter "not clearly foreshadowed" by *Duncan* and longstanding legislation.

The second basis upon which the prosecutor rests his claim that we announced a "new rule" in *Dunigan* is the assertion that our decision in that case reversed the Court of Appeals "precedent" that there was no requirement for a preliminary examination in the case of a juvenile waived to the circuit court.

The "old rule", the prosecutor argues, was the "no examination" pronouncement of the Court of Appeals in *Dunigan* on April 2, 1980. This Court's reversal of that decision on November 24, 1980, is said to announce a "new rule". During that seven-month interval, according to the prosecutor, the Court of Appeals decision in *Dunigan* was binding precedent.

Once again it appears that the prosecutor is in error.

The prosecutor apparently misconceives the precedential status of a Court of Appeals decision in which leave to appeal has been granted by this Court. A timely application for leave to appeal to this Court from a decision of the Court of Appeals effectively stays the Court of Appeals decision as a final adjudication, see *People v George,* 399 Mich 638; 250 NW2d 491 (1977), and denies it precedential force until denial of the application for leave to appeal in this Court or some other disposition of the case is announced. An *opinion* of the Court of Appeals is not its judgment. Its decision and judgment are made when the clerk of the Court of Appeals issues the Court's judgment order *and* sends notice thereof to counsel for each party under GCR 1963, 821.2.

It is only after application for leave to appeal to this Court is denied, or dispositive action is taken effectively approving the Court of Appeals deci-

sion, that it becomes a "final adjudication" of that Court.[5]

In *Dunigan,* our order granting the defendant's timely application for leave to appeal, followed by our judgment reversing the Court of Appeals decision, precluded the Court of Appeals opinion from ever having precedential effect.

Our holding in *Dunigan* did not adopt a "new" rule in the *Chevron, supra,* sense. The right enforced in *Dunigan* has existed since 1859 and was reaffirmed and broadened by our announcement in *Duncan, supra,* in 1972, that *all* defendants accused of felonies are entitled to a preliminary examination. In *Dunigan* we simply refused to carve out an exception to the broad class of criminal defendants afforded a right to a preliminary examination under MCL 767.42; MSA 28.982. Just as juvenile defendant Dunigan was entitled, upon demand, to such an examination, so too is juvenile defendant Phillips.

The circuit court is affirmed in its judgment that the defendant is entitled to a new trial.

FITZGERALD, C.J., and KAVANAGH, WILLIAMS, LEVIN, and COLEMAN, JJ., concurred with RYAN, J.

RILEY, J., took no part in the decision of this case.

---

[5] GCR 1963, 853.2(2) provides:

"A copy of the order granting or denying leave to appeal shall be forwarded by the clerk of the Supreme Court to the clerk of the Court of Appeals and to the parties. If the application for leave to appeal is denied, the decision of the Court of Appeals shall become the final adjudication and shall be enforced in accordance with its terms. If the application for leave to appeal is granted, all jurisdiction over the cause shall thereafter be vested in the Supreme Court and the rules applicable to appeals to the Supreme Court shall apply. After granting of the application for leave to appeal, all relevant papers and documents on file with the clerk of the Court of Appeals shall thereupon be transmitted to the clerk of the Supreme Court."