PEOPLE v NELSON

Docket No. 58721. Submitted November 19, 1982, at Detroit.—Decided
   January 25, 1983. Leave to appeal applied for.

   James W. Nelson was convicted following a bench trial in the
   Wayne Circuit Court, Victor J. Baum, J., of first-degree felony
   murder and possession of a firearm in the commission of a
   felony. Defendant appeals contending that: (1) the magistrate
   abused his discretion in binding over the defendant on the
   murder charge, (2) the defendant received inadequate assis-
   tance of counsel at trial, and (3) the trial court erred in ruling,
   after a *Walker* hearing, that the defendant's confession had
   been voluntarily made. *Held:*

      1. The prosecution introduced sufficient evidence at the pre-
   liminary examination from which the magistrate could prop-
   erly have inferred the existence of malice, independent of the
   intent to commit the underlying felony, on the part of the
   defendant when he shot the decedent. Therefore, the magis-
   trate's finding of the existence of probable cause to believe that
   the crime of felony murder had been committed was not an
   abuse of discretion.

      2. Evidence of the extrajudicial confessions by the defendant

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Criminal Law §§ 413, 419.
[2] 40 Am Jur 2d, Homicide §§ 71, 72, 269.
[3] 40 Am Jur 2d, Homicide § 263.
   Homicide: presumption of deliberation or premeditation from the
   circumstances attending the killing. 96 ALR2d 1435.
[4] 30 Am Jur 2d, Evidence § 1142.
   40 Am Jur 2d, Homicide § 285.
[5, 6] 21A Am Jur 2d, Criminal Law §§ 752, 985.
   Modern status of rules and standards in state courts as to adequacy
   of defense counsel's representation of criminal client. 2 ALR4th
   27.
[7] 76 Am Jur 2d, Trial § 1239.
[8] 29 Am Jur 2d, Evidence §§ 582, 584, 587, 590.
   Admissibility of pretrial confession in criminal case—Supreme
   Court cases. 1 L Ed 2d 1735.
   Constitutional aspects of procedures for determining voluntariness
   of pretrial confession. 1 ALR3d 1251.

and his partner and the defendant's admission to his acquaintance that he committed the crime were not introduced into evidence until after each essential element of the felony-murder charge had been established by testimony from other witnesses. Once the corpus delicti had been thus established through other evidence, the extrajudicial statements were properly introduced to provide sufficient probable cause to believe that defendant committed the crime.

3. Defendant was not denied the effective assistance of counsel at trial. There is no merit to defendant's arguments in this regard. Defendant knowingly and voluntarily waived the right not to have the trial court read the preliminary examination transcript. This decision and others attributable to trial strategy do not support a finding of ineffective assistance of counsel.

4. The trial court did not err in concluding that the defendant's confession to the police was voluntarily made.

Affirmed.

1. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — APPEAL.

The primary purpose of a preliminary examination is to determine whether a crime has been committed and whether there is probable cause to believe that the accused committed the crime; the magistrate must judge the weight and competency of the evidence as well as the credibility of witnesses in making such determination; the magistrate's decision to bind over an accused will not be reversed unless it appears on the record that he abused his discretion.

2. HOMICIDE — FIRST-DEGREE MURDER — FELONY MURDER — MALICE.

A mens rea separate from the intent to commit the underlying felony must be established to support a first-degree felony-murder conviction; malice remains an essential element of first-degree murder, even under the felony-murder doctrine (MCL 750.316; MSA 28.548).

3. HOMICIDE — FIRST-DEGREE MURDER — INTENT — MALICE — INFERENCES.

A trier of fact may infer malice from evidence that a defendant intentionally set in motion a force likely to cause death or great bodily harm.

4. CRIMINAL LAW — CORPUS DELICTI — EVIDENCE — STATEMENTS BY DEFENDANT.

A criminal defendant's extrajudicial statements or confessions, or those made by his partner in crime, are not admissible in evidence to establish that a crime has been committed, how-

ever, once the corpus delicti has been established through other evidence such statements are admissible.

5. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

A bifurcated test is used to analyze a defendant's claim of ineffective assistance of counsel: first, whether the overall performance of defense counsel was at least as competent as that expected of a lawyer with ordinary training and skill in the criminal law, and second, where the overall performance of the defense counsel is found to be adequate, whether any particular mistakes of defense counsel were decisive in obtaining the defendant's conviction.

6. CRIMINAL LAW — ASSISTANCE OF COUNSEL — TRIAL STRATEGY.

Decisions of defense counsel in a criminal case relative to trial strategy will not support a claim of ineffective assistance of counsel.

7. CRIMINAL LAW — TRIAL — PRELIMINARY EXAMINATION TRAN-
SCRIPTS.

A defendant has a right in a criminal bench trial to be tried by a judge who has not viewed the preliminary examination transcript in order to preserve the defendant's rights of confrontation and cross-examination; this right can be waived if done so knowingly and voluntarily.

8. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS — APPEAL.

The Court of Appeals, in reviewing a trial court's determination, made after a *Walker* hearing, regarding the voluntariness of a defendant's confession, is required to examine the whole record and make an independent determination of the voluntariness of the defendant's statement; the Court of Appeals will reverse the trial court's determination only where there is a definite and firm conviction that a mistake has been committed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *R. Steven Whalen),* for defendant on appeal.

Before: M. F. Cavanagh, P.J., and R. B. Burns and Cynar, JJ.

Per Curiam. Defendant was convicted in a bench trial of first-degree felony murder, MCL 750.316; MSA 28.548, and of the commission of a felony while in the possession of a firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to a mandatory term of life imprisonment on the felony-murder conviction and a two-year term of imprisonment on the felony-firearm conviction and now appeals as of right.

The evidence introduced at trial established that the defendant and his brother attempted to stop two boys riding their bicycles in Dearborn Heights, Michigan. One bicyclist managed to get away, but not before the defendant shot him in the leg. As he road away to seek help, he looked back and observed the defendant walk toward his companion, who was struggling with the defendant's brother. His companion's body was later found in the same location with a bullet wound in the head.

On appeal, the defendant contends that: (1) the magistrate abused his discretion in binding over the defendant on the first-degree murder charge, (2) the defendant received inadequate assistance of counsel at trial, and (3) the trial court erred in ruling, after a *Walker* hearing, that the defendant's confession had been voluntarily made.

The primary purpose of a preliminary examination is to determine whether a crime has been committed and whether there is probable cause to believe that the accused committed the crime. *People v Dunigan,* 409 Mich 765, 769; 298 NW2d 430 (1980); *People v Charles D Walker,* 385 Mich 565, 573; 189 NW2d 234 (1971). A magistrate's decision to bind over an accused may not be re-

versed unless it appears on the record that the decision constitutes an abuse of discretion. *People v Talley,* 410 Mich 378, 385; 301 NW2d 809 (1981). In determining whether probable cause exists to charge a defendant with a crime, a magistrate must judge the weight and competency of the evidence as well as the credibility of witnesses. *Talley, supra,* p 386.

Defendant contends that the magistrate's bind-over decision was erroneous because the prosecution failed to introduce sufficient evidence to establish probable cause to believe that a first-degree felony murder had been committed. Defendant specifically argues that the prosecution failed to establish the existence of malice, independent of the underlying intent to commit the felony of robbery, which the Michigan Supreme Court held to be an essential element of the crime of felony murder in *People v Aaron,* 409 Mich 672, 728; 299 NW2d 304 (1980).

In *Aaron,* the Court engaged in an extensive discussion of the felony-murder rule in Michigan and determined that malice remained an essential element of first-degree murder, even under the felony-murder doctrine. A mens rea separate from the intent to commit a felony must now be established to support a first-degree felony-murder conviction. *Aaron,* p 716. Thus, the felony-murder doctrine may not be applied where the death is accidental. *Aaron,* p 731. However, the trier of fact may infer malice from evidence that a defendant intentionally set in motion a force likely to cause death or great bodily harm. *Aaron,* p 729.

In this case, we conclude that the prosecution introduced sufficient evidence at the preliminary examination from which the magistrate could properly have inferred the existence of malice,

independent of the intent to commit the underlying felony, on the part of the defendant when he shot the decedent. According to the evidence, the defendant aimed at and shot one bicyclist and then purposefully turned and approached the other who was struggling with the defendant's partner. The other bicyclist was subsequently found dead with a bullet wound in his head. We find no abuse of discretion in the magistrate's finding of the existence of probable cause to believe that the crime of felony murder had been committed.

Defendant also argues that the magistrate abused his discretion in finding probable cause to believe that it was the defendant who had committed the crime charged. Defendant's identity as the perpetrator of the crime was primarily established by his confession to the police and by his admission to an acquaintance of his. Defendant relies upon *People v Barron,* 381 Mich 421; 163 NW2d 219 (1968), and argues that extrajudicial statements and admissions may not be admitted to establish the corpus delicti of a crime.

While it is true that a criminal defendant's extrajudicial statements or confessions, or those made by the defendant's partner in the crime, are not admissible to establish that a crime has been committed, once the corpus delicti has been established through other evidence such statements are admissible. *Barron, supra,* pp 424-425. In the instant case, confessions by the defendant and his brother and the defendant's admission to his acquaintance were not introduced until after the testimony of the surviving bicyclist and a police officer, which established each essential element of the first-degree felony-murder charge. The subsequent introduction of the defendant's extrajudicial

confession as well as the testimony of his acquaintance provided sufficient probable cause to believe that the defendant was one of the perpetrators of the crime. We conclude that the use of these extrajudicial statements was proper.

Defendant next argues that he was denied the effective assistance of counsel at trial. We analyze such a claim by applying the general, bifurcated test set forth by the Michigan Supreme Court in *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976). The first branch of inquiry focuses on the overall performance of defense counsel, which must be at least as competent as that expected of a lawyer with ordinary training and skill in the criminal law. Where the overall performance of the defense counsel is found to be adequate, the second branch of inquiry calls for an examination of particular mistakes of counsel to determine whether any mistake may have been decisive in obtaining the defendant's conviction. Decisions attributable to trial strategy will not support a finding of ineffective assistance of counsel. *People v Dyson,* 106 Mich App 90, 101; 307 NW2d 739 (1981).

Defendant first alleges that his defense counsel failed to file a timely notice of his alibi defense. We find no merit to this argument. The record reveals that the prosecutor waived the notice requirement; in any event, the defendant never presented any alibi evidence.

Second, the defendant alleges that his defense counsel did not understand the Court's holding in *People v Aaron, supra,* when he moved for a reduction of the crime charged. However, our reading of the transcript of that motion reveals that the defense counsel adequately understood the necessity of establishing malice as an essential element of felony murder.

Defendant also argues that his defense counsel seriously erred when he waived the defendant's right not to have the trial court read the preliminary examination transcript and when he failed to object to the prosecutor's introduction of a signed confession made by the defendant's partner, which implicated the defendant in the shooting.

In *People v Ramsey,* 385 Mich 221, 224-225; 187 NW2d 887 (1971), the Michigan Supreme Court held that a defendant has the right, in a criminal bench trial, to be tried by a judge who has not viewed the preliminary examination transcript. The purpose of this rule is to preserve the defendant's constitutional rights of confrontation and cross-examination. However, these rights can be waived if done so knowingly and voluntarily. *People v McKinley,* 383 Mich 529, 536; 176 NW2d 406 (1970).

In the instant case, the defense counsel requested that the trial judge read the preliminary examination transcript in connection with a pretrial defense motion. We conclude that this decision is attributable to trial strategy and, as such, did not render the defense counsel's assistance ineffective. *Garcia, supra,* pp 263-266. Both the defendant and the defense counsel were carefully questioned about their choice of allowing the trial judge to read the preliminary examination transcript prior to sitting as the trier of fact in defendant's trial, and it is apparent from the trial record that both wished to retain the same trier of fact. This Court will not second-guess what appears to be a knowing and intelligent decision on the part of the defense counsel and his client.

Finally, the defendant contends that the trial court erred in refusing to suppress evidence of his extrajudicial statement to the police wherein he

admitted responsibility for the shooting of the decedent. Prior to the commencement of trial, the defendant moved for and was granted a hearing under *People v Walker, (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965), in order to challenge the voluntariness of his confession to the police.

In reviewing a trial court's decision after a *Walker* hearing, this Court is required to examine the whole record and make an independent determination of the voluntariness of the defendant's statement. *People v Robinson,* 386 Mich 551, 557; 194 NW2d 709 (1972). We will reverse only where we have a definite and firm conviction that a mistake has been committed. *People v McGillen #1,* 392 Mich 251, 257; 220 NW2d 677 (1974). We find no error here in the trial court's conclusion that the defendant's confession to the police was voluntarily made.

Affirmed.