Estevan **GONZALEZ**, Petitioner,

v.

Frank **ELO**, Respondent.

Civil Action No. 95–40187.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 7, 1997.

Estevan Gonzalez, Adrian, MI, pro se.

Olga Agnello–Raspa, Wayne County Prosecutor's Office, Detroit, MI, for defendant.

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE SCHEER'S APRIL 8, 1997 REPORT AND RECOMMENDATION

GADOLA, District Judge.

On or about June 21, 1995, petitioner Estevan Gonzalez, a prisoner at Gus Harrison Correctional Facility in Adrian, Michigan, filed the instant motion for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his motion, petitioner asserts essentially three claims: (1) that he was deprived of his due process rights secured him by the Fourteenth Amendment of the Constitution of the United States of America because the prosecutor failed to disclose that her key witness was committing perjury at the bench trial, (2) that he was denied the right to effective assistance of counsel guaranteed him by the Sixth and Fourteenth Amendments to the Constitution of the United States of America because his trial counsel did not inform him of his right to testify and, (3) that he was denied his right to effective assistance of counsel assured him by the Sixth and Fourteenth Amendments to the Constitution of the United States of America because his appellate counsel did not raise key issues on direct appeal. The motion for writ of habeas corpus was referred to Magistrate Judge Donald A. Scheer on September 28, 1995, who issued a Report and Recommendation on the matter on April 8, 1997. Magistrate Judge Scheer recommended that a hearing be conducted on the second issue raised in petitioner's motion, to wit: whether petitioner was denied the right to testify at his trial due to his counsels' ineffectiveness in failing to inform him of that right. As to the balance of petitioner's claims, Magistrate Judge Scheer recommended they be dismissed.

This court, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b) and LR 72.1(d)(2) (E.D. Mich. Jan. 1, 1992) has reviewed the April 8, 1997 Report and Recommendation, the respondent's objections thereto, the petitioner's response to respondent's objections, as well as the voluminous record supporting the original motion. After conducting a *de novo* review, this court accepts the Magistrate judge's Report and Recommendation·as the court's findings and conclusions.

### An Evidentiary Hearing Should Be Held

This court will address in detail the objections to the Report and Recommendation filed by respondent on May 12, 1997. Respondent objects to Magistrate Judge Scheer's recommendation that this court hold an evidentiary hearing to determine if petitioner's trial counsel was ineffective in failing to advise petitioner of his absolute right to testify and in failing to present petitioner's testimony against his expressed wishes, and solely because he looked "too mean." Respondent argues that no evidentiary hearing is warranted for two reasons. First, respondent asserts that no such hearing is needed because the Michigan State courts have already decided these factual issues and this court must presume those State court findings to be correct. Second, respondent argues that petitioner is not entitled to an evidentiary hearing because he has not met the requisite showing under *Keeney v. Tamayo–Reyes,* 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992) for his failure to develop a record with respect to these issues in State court.

### This Court Need Not Presume the Michigan State Court Factual Findings To Be Correct

Respondent contends that pursuant to 28 U.S.C. § 2254, this court must presume as correct the Michigan State courts' findings that petitioner was not denied effective assistance of counsel because he was aware of his right to testify and chose not to exercise that right based upon advice of counsel. This court finds that the Michigan State court's findings are not entitled to a presumption of correctness under 28 U.S.C. § 2254.

### The Michigan State Court's Findings

Petitioner, in his appeal of right, did not present the claim that he was denied ineffective assistance of counsel due to his trial attorney's failure to inform him of his right to testify. Petitioner raised this issue for the first time in a Motion for Relief from Judgment. On January 9, 1990, *without holding a hearing,* the trial court denied the Motion for Relief from Judgment. The trial court based its decision on the pleadings, as well as one affidavit submitted by the plaintiff. The affidavit set forth the testimony that petitioner would have offered had he testified. The affidavit also stated as follows:

4. Mr. Hidalgo [petitioner's trial attorney] told [petitioner] he looked 'too mean' compared to Jesse Perez [a key government witness] and he should not testify. The attorney did not tell him he had a right to testify and he could testify even though his attorney didn't recommend it.

5. The defendant relied on this advice of counsel and did not testify. He did not know the advice denied him his constitutional right to present a defense and his constitutional right to testify.

In denying the motion for relief from judgment the court held in pertinent part:

Defendant also contended that trial counsel failed to advise him of his right to testify in his own behalf and to present a defense. Yet, in an affidavit supporting this motion defendant averred that, '[h]e told his attorney he wanted to testify ...' and that trial counsel "told him he looked 'too mean' compared to Jesse Perez and he should not testify." Quite obviously, the affidavit, on its face, revealed defendant's then-existing knowledge of his right to testify and to present a defense at trial. Moreover, it demonstrated that he elected to forego testifying for strategic reasons. This court cannot conclude that merely because this strategy backfired defendant was denied effective assistance of counsel. *People v. Strong,* 143 Mich.App. 442, 372 N.W.2d 335 (1985).

*People v. Gonzales,* No. 83–08162 (Jan. 9, 1990).

Defendant then filed a delayed application for leave to appeal to the Michigan Court of Appeals raising, *inter alia* the issue of whether his trial counsel was ineffective for denying him the right to testify. The Court of Appeals denied the motion for lack of merit in the grounds presented. *People v. Gonzales,* No. 133240 (Feb. 28, 1991). Petitioner appealed to the Michigan Supreme Court raising the same issues. The Michigan Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration "as on leave granted." *People v. Gonzales,* 439 Mich. 878, 475 N.W.2d 828 (1991).

On remand, the Court of Appeals, in an opinion and order dated November 12, 1993, affirmed petitioner's conviction for a second time, holding in relevant part as follows:

Defendant's trial counsel's failure to have defendant testify at trial or to inform defendant of his right to testify was also an issue which could have, and should have, been raised in defendant's original appeal. Consequently, it too is not properly before us. In any event, the record fails to establish ineffective assistance of counsel. First, the record indicates that defendant told his attorney he wanted to testify, thus showing that he was aware of the right. In addition, it is clear from the record that counsel's advice against testifying was a matter of trial strategy. We will not find ineffective assistance of counsel arising from matters of trial strategy. *People v. Nelson,* 123 Mich.App. 649, 333 N.W.2d 113 (1983).

Ultimately, the Michigan Supreme Court denied petitioner's application for leave to appeal.

### Petitioner Was Not Afforded a Full and Fair Hearing

In his Report and Recommendation, Magistrate Judge Scheer stated that since the State courts did not provide petitioner an evidentiary hearing, petitioner ought to be afforded an opportunity to substantiate his allegations of ineffective assistance of trial counsel at: an evidentiary hearing in this court. *See* Report and Recommendation at 12. Implicit in this recommendation is a

finding by Magistrate Judge Scheer that the State court factual determinations are not entitled to a presumption of correctness under 28 U.S.C. § 2254(d), for evidentiary hearings can be held only upon after such a determination. Title 28, Section 2254(d) of the United States Code provides:

In any proceeding instituted in a Federal court by an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ, and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, **shall be presumed to be correct,** *unless* the applicant shall establish or it shall otherwise appear, or the respondent shall admit-

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair and adequate hearing in the State court proceeding.

(emphasis added).

■ The Magistrate found that petitioner was not afforded a "full, fair and adequate hearing in the State court proceeding" and thus, found that the Michigan State courts' factual decisions were not entitled to a presumption of correctness under 28 U.S.C. § 2254. This court concurs with the Magistrate on this issue.[1] In this court's opinion, the fact-finding procedures employed by the Michigan State courts were indeed inadequate. Thus the factual finding made by the Michigan State courts (e.g., that petitioner was aware of his right to testify) is not entitled to the presumption of correctness. In deciding that petitioner was aware of his right to testify, the Michigan State courts did not provide any evidentiary hearing into plaintiff's claims of ineffective assistance of counsel. Rather, they decided the matter based upon a single affidavit furnished by petitioner. The Michigan Courts found that petitioner must have understood he had an unconditional right to testify because in his affidavit, petitioner stated that he told his trial counsel that he wanted to testify. The fact that petitioner told his trial counsel that he *wanted* to testify, however, does not establish that petitioner recognized he had an *absolute right* to testify. By reading this assumption into the affidavit in such a fashion, without holding a hearing, the Michigan State courts inadequately resolved the factual issue. Therefore, under 28 U.S.C. § 2254(d), the factual finding is not entitled to a presumption of correctness.

The respondent argues that the fact-finding procedure employed by the Michigan State courts was adequate. Respondent insists that the Michigan State court's review of petitioner's affidavit alone was sufficient to resolve the question. Respondent cites *Sawyers v. Collins*, 986 F.2d 1493, 1504–1505 (5th Cir.1993) for the proposition that a "paper hearing" may afford a "full and fair hearing."

This court is certainly not in disagreement with the notion that a paper hearing can afford a "full and fair hearing" under some circumstances. In the instant case, however, the paper hearing did not do so. This case is highly distinguishable from *Sawyers*, 986 F.2d 1493, in which the court found a "paper hearing" sufficient. In *Sawyers*, the paper hearing was ample because the State judge was provided not only affidavits of the peti-

---

1. After this petition for writ of habeas corpus was filed, 28 U.S.C. § 2254 was amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, signed into law on April 24, 1996. The amended statute does not apply here. *See Lindh v. Murphy*, — U.S. —, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (holding that amendments to 28 U.S.C. § 2254(d) did not apply to a pending noncapital case), *rev'g.* 96 F.3d 856 (7th Cir.1996).

tioner, but also affidavits of his family members and the trial attorney. Moreover, the State judge who conducted the paper hearing, also had presided over the trial and could make credibility determinations as to these affiants. *Id.* at 1504.

In sum, this court finds that the fact-finding procedure employed by the Michigan State courts was inadequate, that the factual determinations are not entitled to a presumption of correctness, and accepts the Magistrate's recommendation with respect to this matter.

### An Evidentiary Hearing is Warranted

■ Respondent also argues that the State court record is incomplete due to petitioner's own neglect (e.g., petitioner did not file an affidavit by his trial attorney in State court) and that petitioner is thus not entitled to an evidentiary hearing because he has not met his burden as set forth in *Keeney v. Tamayo–Reyes,* 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992). In that case, the Supreme Court held that a habeas petitioner who has not developed a record in State court is entitled to an evidentiary hearing only if the petitioner can demonstrate cause and prejudice for his failure to develop the record in State court proceedings or can demonstrate that a fundamental miscarriage of justice would result from the failure to hold a federal evidentiary hearing. *Id.* at 8–9, 11, 112 S.Ct. at 1719–20, 1721. *See also Mitchell v. Rees,* 114 F.3d 571, 577 (6th Cir. 1997) (holding that a district court abuses its discretion by ordering an evidentiary hearing without first requiring the petitioner to make the requisite showing).

In this court's opinion, petitioner is not required to meet the standard of *Keeney,* 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318. This court finds that, unlike the petitioner in *Keeney,* the petitioner in this case is not to blame for the inadequate development of the record in State court. In the case at hand, petitioner submitted an affidavit stating that he was *not* aware of his constitutional right to testify over his attorney's advice to the contrary. Notwithstanding this plain language in the affidavit, the Michigan State courts interpreted the affidavit to mean that petitioner *was* aware of his unconditional right to testify, and chose not to exercise that right based on the advice of his attorney. The Michigan State courts did not provide petitioner a hearing. Therefore, this case stands in marked contrast to *Keeney,* in which the petitioner *was* afforded a State-court hearing on the issues raised in the petition for writ of habeas corpus which he filed with the Federal District Court, but merely failed to develop critical facts *at that hearing.*

For all the foregoing reasons, this court accepts Magistrate Judge Scheer's findings and conclusions. Accordingly, **IT IS HEREBY ORDERED** that an evidentiary hearing be conducted on the issue of whether petitioner received ineffective assistance at trial and that all of petitioner's other claims be dismissed as recommended in Magistrate Judge Scheer's April 8, 1997 Report and Recommendation.

**SO ORDERED.**