PEOPLE v GEORGE

Docket No. 58627. Decided February 14, 1977. During pendency of the
people's application for leave to appeal, on the defendant's
motion to determine jurisdiction of the trial court, the Supreme
Court granted the motion and determined that the trial court
does not have jurisdiction.

Nolan R. George was convicted by a jury in Oakland Circuit
Court, Robert B. Webster, J., of second-degree murder. The
Court of Appeals, T. M. Burns, P. J., and V. J. Brennan and
D. E. Holbrook, Jr., JJ., reversed and remanded for a new trial.
The people made a timely application for leave to appeal.
Nevertheless, the circuit court set a date for a new trial, which
was adjourned because final process had not issued from the
Court of Appeals. The defendant moved in the Supreme Court
to determine the jurisdiction of the trial court to conduct a new
trial. The Supreme Court issued an opinion because there
appears to be a persistent and general lack of understanding of
how and when an opinion of the Court of Appeals becomes
effective for the purposes of execution and enforcement. *Held:*

A judgment order has been *entered* but has not been *issued*
by the Court of Appeals because a timely application for leave
to appeal has been filed with the Supreme Court by the people
and has not yet been resolved. Jurisdiction was vested in the
Court of Appeals, and thus removed from the circuit court,
when the defendant filed his claim of appeal in the Court of
Appeals, and is not revested in the circuit court until the
pending application for leave to appeal is resolved: If the
Supreme Court denies leave to appeal, jurisdiction will be
revested in the trial court upon *issuance* of the judgment order
of the Court of Appeals. If the Supreme Court grants leave to
appeal, jurisdiction will be revested in the Court of Appeals or
the circuit court upon the issuance of and in accordance with
the terms of any final order or judgment of the Supreme Court.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, and *Thomas S. Richards,*
Assistant Prosecuting Attorney, for the people.

*Faintuck, Shwedel, Roether, Wolfram, McDonald & Zipser* for defendant.

PER CURIAM. Defendant's interlocutory "motion to determine trial court jurisdiction" raises the question of whether Oakland Circuit Court has jurisdiction, at this time, to retry him. We hold that it does not and issue this opinion, in lieu of an order, because there appears to be a persistent and general lack of understanding of how and when an opinion of the Court of Appeals becomes effective for the purposes of execution or enforcement.

The defendant was convicted of second-degree murder in Oakland Circuit Court on May 15, 1974. Appeal by the defendant was timely taken to the Court of Appeals and on June 14, 1976 that Court issued its opinion which concluded with the words, "Reversed and remanded". 69 Mich App 403; 245 NW2d 65. On July 2, 1976 the plaintiff filed an application for leave to appeal with this Court. The application to this Court was timely, having been filed within 20 days of the issuance of the Court of Appeals opinion. See GCR 1963, 853.2(1). That application to this Court has been neither denied nor granted and therefore remains pending before this Court.

The clerk of the Court of Appeals was obliged to *enter* an order pursuant to the June 14, 1976 opinion of that Court, "forthwith upon filing of the opinion," GCR 1963, 821.2. He has done so. That order, dated June 14, 1976, is in the original file of the Court of Appeals which is now in the possession of this Court. The clerk of the Court of Appeals was also obliged to send *notice* to counsel for each party of *entry* of that order of the Court of Appeals. GCR 1963, 853.2(1). That judgment order has *not* been *issued* because a timely appli-

cation for leave to appeal from the judgment order of the Court of Appeals was filed with this Court by the plaintiff-appellant and has not yet been resolved by this Court. Nevertheless, a day was set for a new trial in circuit court. With trial ready to commence, the circuit judge noticed that final process had not issued from the Court of Appeals, and he adjourned the trial. Defendant's motion in this Court followed.

Under GCR 1963, 802.1, jurisdiction of this case was vested in the Court of Appeals, and thus removed from the circuit court, when the defendant's claim of appeal was filed in the Court of Appeals on June 26, 1974. Until the pending application for leave to appeal is resolved, jurisdiction is not revested in the circuit court.

If this Court denies the pending application for leave to appeal, the Court of Appeals judgment *then* becomes the final adjudication of this case and may be enforced in accordance with its terms, under GCR 1963, 853.2(2). To restate, if this Court denies leave to appeal, jurisdiction will *then* be revested in the circuit court by *issuance* of the Court of Appeals judgment order under GCR 1963, 812.11. If, on the other hand, this Court grants the pending application for leave to appeal, "all jurisdiction over the cause shall thereafter be vested in the Supreme Court", GCR 1963, 853.2(2). If this Court grants leave to appeal, jurisdiction of this case will be revested in the Court of Appeals or the circuit court on the issuance of and in accordance with the terms of any final order or judgment *issued* by this Court pursuant to its decision on the appeal granted. See GCR 1963, 866.

Motion granted. The Oakland Circuit Court does not have jurisdiction, at this time, to retry the defendant.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLE-
MAN, FITZGERALD, RYAN, and BLAIR MOODY, JR.,
JJ., concurred.