Rosie STAFFORD, Plaintiff,

v.

CHURCH'S FRIED CHICKEN, INC., a Texas corporation, Defendant.

No. 85–CV–70618–DT.

United States District Court,
E.D. Michigan, S.D.

March 6, 1986.

Ross Meretsky, Detroit, Mich., for plaintiff.

Thomas Auth, Detroit, Mich., for defendant.

LA PLATA, District Judge.

On January 15, 1985, Plaintiff, Rosie Stafford, filed a Complaint against Defendant, Church's Fried Chicken, alleging that Defendant had a duty to employ security guards in a "high crime" area to protect its business invitees.[1] According to her Complaint, Plaintiff sustained injuries while she

---

1. The case was originally filed in the Wayne County Circuit Court and subsequently removed to this Court based on diversity of citizenship.

was waiting in line at a "drive-through" window at a Church's Fried Chicken located in her neighborhood. An unknown assailant approached Plaintiff's automobile, sprayed her with a chemical substance, assaulted her, robbed her, and stole her car.

On December 16, 1985, Defendant filed a Motion for Summary Judgment contending that a company in the private sector cannot be held liable for failing to provide security guards. Defendant based its Motion on the recent Michigan Court of Appeals decision of *Williams v. Cunningham Drug Stores, Inc.,* 146 Mich.App. 23, 379 N.W.2d 458 (1985).

Opposing the Motion, Plaintiff argues that Defendant owed her a duty to provide security guards since it knew the restaurant was located in a "high crime" area. It is also alleged that the incident was foreseeable because of the history of robberies at that particular restaurant.

A business invitor has a duty to use due care for the safety of its business invitees. *Preston v. Sleziak,* 383 Mich. 442, 447, 175 N.W.2d 759 (1970); *Moning v. Alfono,* 400 Mich. 425, 254 N.W.2d 759 (1977), *reh'g denied,* 401 Mich. 951 (1977). The nature of that duty, i.e., ascertaining what constitutes reasonable care under the circumstances, is generally a question for the jury. Defining the scope or extent of that duty, however, becomes a question for the Court where overriding public policy concerns arise. *Williams, supra,* at 459.

The duty advanced by Plaintiff is the duty to provide police protection. The Court notes that neither the Legislature nor the Courts have established public policy requiring law enforcement responsibilities to be extended to commercial businesses. This Court agrees with the *Williams* decision and declines to extend Defendant's duty of reasonable care to include providing police protection for its patrons. This incident occurred in the parking lot of the restaurant. A privately hired security guard placed in a restaurant could not effectively aid a victim of an armed robbery taking place in the restaurant's parking lot.

Plaintiff argues that the area in which the restaurant is located is a high crime area, and, therefore, the Defendant knew security guards were necessary to protect its patrons. To hold restaurant owners responsible for providing police protection against the criminal conduct of third parties outside of the restaurant, especially those in "high crime" areas, may drive businesses out of those neighborhoods. *Williams, supra,* at 460. See, also, *McNeal v. Henry,* 82 Mich.App. 88, 266 N.W.2d 469 (1978).

Based upon the foregoing, this Court finds, as a matter of law, that, Defendant is not liable for Plaintiff's injuries. Accordingly, Defendant's Motion for Summary Judgment is GRANTED.