815 F.2d 80
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rosie STAFFORD, Plaintiff-Appellant,
v.
CHURCH'S FRIED CHICKEN, INC., Defendant-appellee.
 No. 86-1254.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1987.
 
 Before KRUPANSKY, NELSON and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Rosie Stafford (Stafford) appealed from a final order of the district court granting summary judgment to defendant-appellee Church's Fried Chicken, Inc. (Church's Fried Chicken) in this diversity action for personal injuries under Michigan law.
 
 
 2
 In her complaint, Stafford alleged that she was waiting at a drive through window at Church's Fried Chicken outlet in Detroit, Michigan on or about August 2, 1984 when an unknown assailant approached her vehicle, sprayed an unknown chemical substance into her eyes, assaulted her, robbed her and stole her automobile. Stafford further averred that the Church's Fried Chicken outlet at which the attack occurred was situated in a "high crime area," that Church's Fried Chicken had a duty to provide security guards during all business hours for the protection of its business invitees, and that, as a result of Church's Fried Chicken's failure to provide security guards, Stafford suffered a loss of vision and permanent injury to her leg.
 
 
 3
 The district court granted summary judgment to Church's Fried Chicken, concluding that Church's Fried Chicken did not have a duty to provide police protection for its patrons. Stafford v. Church's Fried Chicken, Inc., 629 F.Supp. 1109 (E.D.Mich.1986). Stafford filed this timely appeal from the judgment for defendant.
 
 
 4
 On appeal, Stafford's sole contention was that the district court erred in granting summary judgment to the defendant because Church's Fried Chicken had a duty to employ armed security guards to protect her from the criminal acts of third parties. The Michigan Court of Appeals has considered this issue in a case involving similar facts and has concluded that a commercial enterprise operating in a high crime area does not have a duty to employ armed security guards to protect its patrons from the criminal acts of third parties. Williams v. Cunningham Drug Stores, Inc., 146 Mich.App. 23, 379 N.W.2d 458 (1985) leave to appeal granted, No. 77516 (June 24, 1986). Accordingly, this court cannot conclude that the district court erred in granting summary judgment.
 
 
 5
 For the reasons stated above, the judgment of the district court is hereby AFFIRMED.
 
 
 6
 RYAN, Circuit Judge (concurring in the result).
 
 
 7
 I find myself in the anomalous position of concurring in the conclusion reached by my colleagues but dissenting from the reason assigned for that conclusion--a difference of sufficient importance to warrant brief explication.
 
 
 8
 The court concludes that it "cannot" hold that the district court erred in granting summary judgment for defendant because the Michigan Court of Appeals has held, on "similar facts ... that a commercial enterprise operating in a high crime area does not have a duty to employ armed security guards to protect its patrons from criminal acts of third parties. Williams v. Cunningham Drug Stores, Inc., 146 Mich.App. 23, 379 N.W.2d 458 (1985), leave to appeal granted, No. 77516 (June 24, 1986)."
 
 
 9
 Implicit in my brothers' reasoning is the conclusion that, under familiar rules governing our diversity jurisdiction, this court is bound by the rule announced by the Michigan Court of Appeals in Williams. I think not.
 
 
 10
 While it is clear that a decision by Michigan's intermediate appellate court upon a matter of state law that has not been addressed by the state's highest court is the final appellate word on the subject addressed, and presumably binding upon this court, that is not the situation in this instance.
 
 
 11
 Here, the Michigan Supreme Court has granted leave to appeal from the decision of the Court of Appeals in Williams, lv. to appeal granted, 425 Mich. 871 (June 24, 1986). As a result, no judgment has been issued by the Court of Appeals in Williams, People v. George, 399 Mich. 638 (1977), and its opinion is of no precedential force. People v. Phillips, 416 Mich. 63 (1982). Since no judgment has been issued by the Court of Appeals in Williams, its opinion is not even binding upon the parties to that case. As the Michigan Supreme Court explained in Phillips:
 
 
 12
 "A timely application for leave to appeal to this Court from a decision of the Court of Appeals effectively stays the Court of Appeals decision as a final adjudication, see People v George, 399 Mich 638; 250 NW2d 491 (1977), and denies it precedential force until denial of the application for leave to appeal in this Court or some other disposition of the case is announced. An opinion of the Court of Appeals is not its judgment. Its decision and judgment are made when the clerk of the Court of Appeals issues the court's judgment order and sends notice thereof to counsel for each party under GCR 1963, 821.2." Id. at 74 (emphasis in original).
 
 
 13
 Since the Court of Appeals has issued no judgment in Williams, and since the opinion is of no "precedential force" in Michigan, it is of no precedential force in this court either. Thus, I think it is incorrect to conclude that because of Williams, this court "cannot," under diversity principles, reach a conclusion contrary to that reached by the Michigan court in Williams on what is concededly the same issue.
 
 
 14
 Despite the "suspended" precedential status of Williams, I do not suggest that the opinion of the Court of Appeals should be ignored. It is indeed a useful indication of the thinking of the judges of at least one panel of that distinguished court concerning the very issue that is before us today, and it deserves our attention. At the same time, we cannot ignore the reality that the Michigan Supreme Court, by at least a majority vote, has ordered up the Williams case for a second appellate review, and that the sole and dispositive issue presented for Supreme Court review is the correctness of the rule announced in Williams that we are asked to consider today.
 
 
 15
 Turning to the merits of the issue before us, I concur in the result the court has reached; not because we "cannot" conclude otherwise, but because the persuasive logic of the Court of Appeals' reasoning in Williams and rule announced there are compelling and fully applicable to this concededly indistinguishable case.