# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 7, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

128901
128907
128909

WILLIAM Q. TINGLEY, III, WILLIAM Q.
TINGLEY, and DANIEL R. BRADLEY,
         Plaintiffs-Appellees,
and

PROTO-CAM, INC., BEND TOOLING,
INC., and TENNINE CORPORATION,
         Plaintiffs,

v

SC: 128901
COA: 243171
Kent CC: 02-003723-NZ

ROBERT F. WARDROP, II, WILLIAM J.
FISHER III, TODD R. DICKINSON, WARDROP
& WARDROP, P.C., DICKINSON WRIGHT,
PLLC, FISHER & DICKINSON, P.C., 900
MONROE LLC, 940 MONROE LLC, PIONEER
INCORPORATED, DYKEMA EXCAVATORS,
INC., and FIFTH THIRD BANCORP,
         Defendants,
and

CITY OF GRAND RAPIDS and JOHN H. LOGIE,
         Defendants-Appellants.
_____/

WILLIAM Q. TINGLEY, III, WILLIAM Q.
TINGLEY, and DANIEL R. BRADLEY,
         Plaintiffs-Appellees,
and

PROTO-CAM, INC., BEND TOOLING,
INC., and TENNINE CORPORATION,
         Plaintiffs,

v

SC: 128907
COA: 243171
Kent CC: 02-003723-NZ

ROBERT F. WARDROP, II, WILLIAM J.
FISHER III, TODD R. DICKINSON, WARDROP

& WARDROP, P.C., DICKINSON WRIGHT,
PLLC, FISHER & DICKINSON, P.C., DYKEMA
EXCAVATORS, INC., FIFTH THIRD BANCORP,
CITY OF GRAND RAPIDS, and JOHN H. LOGIE
        Defendants,
and

900 MONROE LLC, 940 MONROE LLC, and
PIONEER INCORPORATED,
        Defendants-Appellants.
_____/

WILLIAM Q. TINGLEY, III, WILLIAM Q.
TINGLEY, and DANIEL R. BRADLEY,
        Plaintiffs-Appellees,
and

PROTO-CAM, INC., BEND TOOLING,
INC., and TENNINE CORPORATION,
        Plaintiffs,

v

ROBERT F. WARDROP, II, WILLIAM J.
FISHER III, TODD R. DICKINSON, WARDROP
& WARDROP, P.C., DICKINSON WRIGHT,
PLLC, FISHER & DICKINSON, P.C., 900
MONROE LLC, 940 MONROE LLC, PIONEER
INCORPORATED, CITY OF GRAND RAPIDS,
JOHN H. LOGIE, and FIFTH THIRD BANCORP,
        Defendants,
and

DYKEMA EXCAVATORS, INC.,
        Defendant-Appellant.
_____/

SC: 128909
COA: 243171
Kent CC: 02-003723-NZ

On order of the Court, the applications for leave to appeal the May 5, 2005 judgment of the Court of Appeals are considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE that judgment and the June 24, 2004 Court of Appeals judgment, and we REMAND this case to the Court of Appeals for reconsideration in light of *National Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608 (2004), and plaintiffs' second amended complaint.

We do not retain jurisdiction.

MARKMAN, J., concurs and states as follows:

I concur in the majority's order remanding this case to the Court of Appeals for reconsideration in light of *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co,* 471 Mich 608 (2004), and plaintiffs' second amended complaint. I write separately only to respond to the dissent.

First, the dissent asserts that in *Nat'l Wildlife*, this Court "fundamentally changed and heightened the burden to establish standing to pursue statutory causes of action when they created new Michigan law and superimposed federal constitutional standing constraints on plaintiffs." *Post*. With all due respect, this characterization of *Nat'l Wildlife* is in error. Rather, for the reasons set forth at length in that opinion, we merely reaffirmed traditional understandings of the separation of powers under both the Michigan and the United States Constitutions, explaining the importance of standing for the "preservation of a judiciary operating within proper boundaries." *Nat'l Wildlife, supra* at 612.

Second, the dissent asserts that this Court "does not have jurisdiction," *post*, over this appeal. Such an assertion is correct only if the Court of Appeals is allowed to render an unreviewable decision in a dispute over which it lacks jurisdiction, something that the Court of Appeals itself subsequently recognized to be the case. In the process, the Court of Appeals conferred standing where the trial court had previously concluded standing did not exist. The dissent asserts that the Court of Appeals may render a decision that it has no jurisdiction to render, and that a party has no ability to appeal such decision. I respectfully disagree.

CAVANAGH and KELLY, JJ., would deny leave to appeal.

WEAVER, J., dissents and states as follows:

This Court does not have jurisdiction over the subject matter of this appeal. I, therefore, dissent from the majority's order vacating the June 24, 2004, judgment of the Court of Appeals and its order remanding this case to the Court of Appeals for reconsideration in light of *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co,* 471 Mich 608 (2004).

In *Nat'l Wildlife,* a majority of four justices of this Court fundamentally changed and heightened the burden to establish standing to pursue statutory causes of action when they created new Michigan law and superimposed federal constitutional standing constraints on plaintiffs.[1]

---

[1] It cannot reasonably be disputed that *Nat'l Wildlife* fundamentally changed Michigan's standing doctrine. *Nat'l Wildlife* transformed the language of Michigan standing doctrine from one involving prudential limitations to one incorporating federal constitutional law that had previously been understood to not apply to state courts. *See ASARCO, Inc v*

Defendants appeal from an opinion that was issued by the Court of Appeals on May 5, 2005. As will be explained here later, the Court of Appeals did not have jurisdiction to issue that opinion. Because the Court of Appeals did not have jurisdiction to issue its May 5, 2005, opinion, this Court has no jurisdiction over the subject matter of this appeal. Therefore, I would deny leave to appeal for lack of jurisdiction and allow this case to proceed properly in the circuit court on remand from the first Court of Appeals opinion in this case, which was issued on June 24, 2004.[2]

The Court of Appeals has jurisdiction as provided by law. Const 1963, art 6, § 10. The law provides in relevant part that the Court of Appeals has jurisdiction over "all final judgments from the circuit court . . . ." MCL 600.308(1)(a). The Court of Appeals did have jurisdiction over this case when plaintiffs appealed to the Court of Appeals from the circuit court order that granted defendants' motions for summary disposition.

In the first Court of Appeals opinion, the Court concluded that the plaintiffs had standing pursuant to MCL 324.11151(1), because the statute "expressly permits an individual to bring a civil action to remedy violations of the act and does not restrict the ability to sue to only those persons whose individual interests are harmed." The Court of Appeals, therefore, reversed the circuit court order dismissing plaintiffs' case and remanded the case to the circuit court.

Defendants did not appeal from the first Court of Appeals judgment, even though *Nat'l Wildlife* was decided during the prescribed appeal period on July 30, 2004.[3] The circuit court received the June 24, 2004, opinion of the Court of Appeals on June 25, 2005. Jurisdiction was revested in the circuit court by the issuance of the Court of Appeals opinion pursuant to MCR 7.215(F)(1)(b).[4] Neither party objected to the circuit court's exercise of jurisdiction.[5]

---

*Kadish,* 490 US 605, 617 (1989). Indeed, the case upon which the *Nat'l Wildlife* majority relied, *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726, 740 (2001), expressly acknowledged that importing federal constitutional constraints into Michigan's standing doctrine "should be seen as supplementing" Michigan standing doctrine, in other words, it changed it. *Nat'l Wildlife, supra* at 653 n 4 (Weaver, J., *concurring in result only*).

[2] *Tingley v 900 Monroe, LLC*, unpublished opinion (Docket Nos. 243171, 244609).

[3] The defendants had 42 days to appeal from the Court of Appeals judgment. MCR 7.302(C).

[4] See *People v George,* 399 Mich 638, 639-640 (1977), addressing "how and when an opinion of the Court of Appeals becomes effective for purposes of execution or enforcement" under the 1963 General Court Rules.

On remand, the circuit court allowed plaintiffs to file a second amended complaint and affidavits asserting standing under the test established in *Nat'l Wildlife* and the defendants requested summary disposition based on *Nat'l Wildlife*. After conducting hearings on the parties' motions in December 2004, the circuit court denied defendants' motions for summary disposition, concluding on January 20, 2005, that all but one plaintiff had alleged standing adequate to survive the test of *Nat'l Wildlife*.

Despite this progression of the case on remand in the circuit court, on February 22, 2005, the Court of Appeals on its own motion reversed its first judgment of June 24, 2004, in light of *Nat'l Wildlife. Tingley v Wardrop,* Docket Nos. 243171, 244609. There is no provision in the statutes or court rules for the Court of Appeals to have exercised jurisdiction over the case eight months after it issued its first opinion on June 24, 2004. Neither party had appealed from or requested reconsideration of the June 24, 2004, judgment. The June 24, 2004, judgment was the Court of Appeals final judgment in the matter. MCR 7.215(E)(1). Because that judgment was not appealed, it was in effect and enforceable pursuant to MCR 7.215(F)(1)(a). Thus, the Court of Appeals had no jurisdiction over the case when it later attempted to change the result of the case in light of the new law created by *Nat'l Wildlife*.

The Court of Appeals soon recognized that it did not have jurisdiction to reverse itself. To correct its error, on May 5, 2005, the Court of Appeals properly vacated its second order and opinion of February 22, 2005.[6] However, the Court of Appeals then attempted to reissue, reinstate, and republish its June 24, 2004, opinion that had concluded that plaintiff had standing under the statute at issue.[7]

---

[5] There is some question when and whether the Court of Appeals had remitted the record to the circuit court. However, there is no dispute that the circuit court had subject matter jurisdiction over the case after the remand order issued. Further, if the circuit court exercised jurisdiction over the case without the record having been remitted then its orders are merely voidable, not void. *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538 (1935). Defendants did not object to the circuit court's exercise of jurisdiction and it is not clear whether any defendant appealed from the circuit court's order on remand that denied their motions for summary disposition. Instead, the defendants attempt to bootstrap attacks on the circuit court's jurisdiction in this appeal from the Court of Appeals May 5, 2005, decision.

[6] *Reed v Yackell*, 473 Mich 520, 540 (2005).

[7] 266 Mich App 233 (2005).

It is from the May 5, 2005, republication of the June 24, 2004, opinion that defendants attempt to appeal.  However, by correcting its jurisdictional mistake and vacating its second order and opinion, the published June 24, 2004, judgment of the Court of Appeals was again in effect and enforceable.  The Court of Appeals could not reassert jurisdiction over the subject matter of the case.  More importantly, the Court of Appeals could not create a new appellate timeline through the republication of its June 24, 2004, opinion.

It is incorrect for this Court to permit the May 5, 2005, opinion to establish a new and extended timeline under which the defendants can pursue an appeal.  An error correction by the Court of Appeals should not be permitted to extend or revive a litigant's appellate rights.   Nevertheless, as a result of the confusion of appeals, the circuit court stayed its proceedings in this case in July 2005 pending the resolution of these appeals.

It is not surprising that the defendants seized the opportunity created by the Court of Appeals jurisdictional error to seek leave to appeal to this Court from the May 5, 2005, opinion.  As defendants may have hoped, this strategy, with this Court majority's assistance, has compensated for defendants' failure to appeal from the first Court of Appeals judgment and has apparently rendered moot the circuit court's decision to deny defendants' motions for summary disposition in light of plaintiffs' second amended complaint.

However, because the Court of Appeals did not have jurisdiction over the subject matter of the case on May 5, 2005, this Court does not have jurisdiction over this appeal.  Where a lower court does not have jurisdiction over the subject matter of a case, neither does the superior appellate court.  As we explained in a case where the probate court did not have subject-matter jurisdiction:

> The probate court had no jurisdiction.  The circuit court had no greater jurisdiction of the case than had the probate court.  The probate court having no jurisdiction, the circuit court acquired none by appeal, and this [Supreme Court] has none.  [*In re Fraser Estate,* 288 Mich 392, 395 (1934)(citations omitted).]

Finally, affording defendants this opportunity is unfair. The majority's order gives defendants a second bite of the apple.  It allows defendants to attack plaintiffs' standing under *Nat'l Wildlife's* heightened test, despite the fact that the defendants failed to appeal from the Court of Appeals first judgment and have been denied summary disposition by the circuit court in the proceedings on remand from the first Court of Appeals decision.  It is also not clear whether the defendants ever appealed the circuit court's denial of summary disposition.

I would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 7, 2006

Clerk

d0404