# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellee,

v

RONALD SCOTT,

          Defendant-Appellant.

UNPUBLISHED
January 30, 2020

No. 336815
Macomb Circuit Court
LC No. 2014-003902-FC

---

Before: BOONSTRA, P.J., and SAWYER and TUKEL, JJ.

PER CURIAM.

This case returns to this Court on remand from our Supreme Court for further proceedings. This case was originally before this Court in *People v Scott*, unpublished per curiam opinion of the Court of Appeals, issued January 24, 2019 (Docket No. 336819) (*Scott II*), in which we vacated defendant's convictions and sentences and remanded for a new trial because we concluded that the trial court lacked subject matter jurisdiction at trial. The prosecution subsequently appealed to our Supreme Court, which remanded to this Court with instructions for us to reconsider this case in light of *People v Washington (On Remand)*, ___ Mich App ___; ___ NW2d ___ (2019) (Docket No. 336050). In light of *Washington*, it is apparent that the trial court did have subject matter jurisdiction at defendant's trial. Therefore, we now consider defendant's appeal on the merits; we remand for resentencing because the trial court erred by considering at sentencing crimes of which defendant was acquitted.

## I. FACTS AND PROCEDURAL HISTORY

In August 2012, defendant went to a hotel where the victim was living. Defendant approached the victim's room under the guise of providing her with drugs to fuel her addiction. Defendant then threatened the victim with a gun and forced her to perform oral sex on him. After the oral sex, defendant forced the victim to lay face down on the bed as he penetrated her vagina with his penis. Defendant ejaculated on the victim's back and then wiped his semen off with a towel. Defendant then left the hotel room without further incident.

We previously summarized the pretrial facts in *Scott II*, slip op at 1:

      In a pretrial ruling, the trial court ruled other-acts evidence inadmissible. The prosecution filed an interlocutory appeal, and in an unpublished opinion, this

-1-

Court reversed that decision and remanded for further proceedings. *People v Scott*, unpublished per curiam opinion of the Court of Appeals, issued September 20, 2016 (Docket No. 331512) [(*Scott I*)], p 3. On November 14, 2016, defendant filed a timely application for leave to appeal to the Michigan Supreme Court, which ultimately was denied. *People v Scott*, 500 Mich 935 (2017). Before the denial of defendant's application, however, on November 15, 2016, defendant's trial began.

Following a jury trial, defendant was convicted of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(e) (sexual penetration while armed with a weapon). Defendant was sentenced as a second habitual offender, MCL 769.10, to two consecutive terms of 356 to 660 months' imprisonment.

Defendant appealed his convictions to this Court, which vacated defendant's convictions and sentences and remanded for a new trial because we concluded that the trial court lacked subject matter jurisdiction when it conducted the trial at issue here. Our Supreme Court then remanded this case with instructions for us to reconsider this case in light of *Washington*. *People v Scott*, ___ Mich ___; 931 NW2d 341 (2019) (Docket No. 336815). We now reconsider whether, in light of *Washington*, the trial court had subject matter jurisdiction. Because we find that the trial court did have subject matter jurisdiction, we also consider defendant's remaining claims on appeal.

## II. SUBJECT MATTER JURISDICTION

Defendant argues that the trial court lacked subject matter jurisdiction when his trial began. We disagree.

"Jurisdictional defects may be raised at any time." *Washington*, slip op at 4 (citation and quotation marks omitted). Indeed, "[j]urisdiction of the subject matter of a judicial proceeding is an absolute requirement," and "[w]hen a court is without jurisdiction of the subject matter, its acts and proceedings are of no force and validity; they are a mere nullity and are void." *Id*. (citations and quotation marks omitted). Furthermore, "[i]ssues of subject-matter jurisdiction are reviewed de novo." *People v Gonzalez*, 256 Mich App 212, 234; 663 NW2d 499 (2003).

Defendant argues that *Washington* was wrongly decided because it conflicts with decisions by our Supreme Court which establish that the trial court did not have jurisdiction during defendant's trial. Specifically, defendant relies on *People v George*, 399 Mich 638; 250 NW2d 491 (1977), for the proposition that a trial court is divested of jurisdiction if there is a pending claim of appeal. See *id*. at 640 ("Under GCR 1963, 802.1, jurisdiction of this case was vested in the Court of Appeals, and thus removed from the circuit court, when the defendant's claim of appeal was filed in the Court of Appeals on June 26, 1974. Until the pending application for leave to appeal is resolved, jurisdiction is not revested in the circuit court."). But defendant's argument fails to consider our Supreme Court's repeated statement that "[t]he loose practice has grown up, even in some opinions, of saying that a court had no 'jurisdiction' to take certain legal action when what is actually meant is that the court had no legal 'right' to take the action, that it was in error." *Buczkowski v Buczkowski*, 351 Mich 216, 222; 88 NW2d 416 (1958). See also *Bowie v Arder*, 441 Mich 23, 40; 490 NW2d 568 (1992) (quoting *Buczkowski*);

*Winkler v Marist Fathers of Detroit, Inc*, 500 Mich 327, 336 n 3; 901 NW2d 566 (2017) (quoting *Bowie* and *Buczkowski*); *Washington*, slip op at 5 (quoting *Winkler*, *Bowie* and *Buczkowski*). We find that caution well heeded here. As this Court recently explained in *Washington*, when a criminal issue is pending on appeal, trial courts are not divested of subject matter jurisdiction; rather, as a procedural rule they are prohibited from continuing to preside over the case until all issues on appeal have been resolved. See *Washington*, slip op at 6. " 'There is a wide difference between a want of jurisdiction in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction in which case the action of the trial court is not void although it may be subject to direct attack on appeal.' " *Washington*, slip op at 5, citing *Buczkowski*, 351 Mich at 222. Thus, the case's procedural posture has no effect on the trial court's subject matter jurisdiction. *Washington*, slip op at 6. Consequently, *Washington* was decided in accordance with existing Michigan Supreme Court precedent.

Under *Washington*, the fact that the circuit court took action in this case while an application for leave to appeal was pending in the Supreme Court is "not a structural error occasioned by a lack of subject-matter jurisdiction. Rather, the error was merely procedural in nature, occasioned by premature activity." *Washington*, slip op at 6. Furthermore, the issue was never raised in the circuit court and the lack of any objection to the error renders it harmless. *Id*. Thus, the trial court's premature decision to proceed to trial before our Supreme Court had ruled on defendant's application for leave to appeal was not error requiring reversal.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that his trial counsel was ineffective for failing to request a stay of proceedings on jurisdictional grounds. We disagree.

To properly preserve a claim of ineffective assistance of counsel, a defendant must move for either a new trial or a *Ginther*[1] hearing in the trial court; failure to make any such motion "ordinarily precludes review of the issue unless the appellate record contains sufficient detail to support the defendant's claim." *Sabin (On Second Remand)*, 242 Mich App at 658-659. Defendant failed to move for a new trial or a *Ginther* hearing at the trial court level. Thus, the issue is unpreserved.

Regardless of whether a claim of ineffective assistance is properly preserved, if the trial court did not hold a *Ginther* hearing, "our review is limited to the facts on the record." *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). "Whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "A finding is clearly erroneous if it leaves this Court with a definite and firm conviction that the trial court made a mistake." *People v Dillon*, 296 Mich App 506, 508; 822 NW2d 611 (2012). Additionally, "[a] trial court's factual

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

findings are reviewed for clear error." *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003).

A "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel. . ." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

> Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. [*People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citations omitted).]

The "reasonable probability" standard can be satisfied by less than a preponderance of the evidence. *Trakhtenberg*, 493 Mich at 56.

The "reviewing court must not evaluate counsel's decisions with the benefit of hindsight," but should "ensure that counsel's actions provided the defendant with the modicum of representation" constitutionally required. *People v Grant*, 470 Mich 477, 485; 684 NW2d 686 (2004), citing *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "Defense counsel is given wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). Thus, there is a "strong presumption that trial counsel's performance was strategic," and "[w]e will not substitute our judgment for that of counsel on matters of trial strategy[.]" *Id*. at 242-243.

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. [*Strickland*, 466 US at 689 (citation omitted).]

"Yet a court cannot insulate the review of counsel's performance by calling it trial strategy." *Trakhtenberg*, 493 Mich at 52. "The inquiry into whether counsel's performance was reasonable is an objective one and requires the reviewing court to determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted). Accordingly, the reviewing court must consider the range of potential reasons that counsel might have had for acting as he or she did. *Id*.

Here, defendant's trial attorney requested a stay of proceedings while our Supreme Court considered defendant's application for leave to appeal. The trial court denied this request.

Defendant's trial attorney failed to specifically make an argument that the trial court should have granted the stay on jurisdictional grounds. While it is possible that defendant's trial attorney had a strategic reason for doing so, potentially in light of the trial court's earlier refusal to grant a stay of proceedings, we need not decide the issue because defendant has failed to show prejudice. Defendant has failed to make any showing that the result of his trial would have been different if his trial had taken place after our Supreme Court denied his application for leave, or even to allege that the outcome would have been different.

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. [*Strickland*, 466 US at 697.]

Because defendant was not prejudiced by his defense counsel's failure to request a stay of proceedings on jurisdictional grounds, his trial attorney was not ineffective.

## IV. SENTENCING ISSUES

Defendant argues that the trial court erred by assessing 25 points for offense variable (OV) 12 (contemporaneous felonious acts), MCL 777.42. We agree.

"Issues involving 'the proper interpretation and application of the legislative sentencing guidelines, MCL 777.11 et seq., . . . are legal questions that this Court reviews de novo.' " *People v Ambrose*, 317 Mich App 556, 560; 895 NW2d 198 (2016) (alteration in original), citing *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). "[F]actual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), citing *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008).

OV 12 is governed by MCL 777.42, which provides, in pertinent part:

Sec. 42. (1) Offense variable 12 is contemporaneous felonious criminal acts. Score offense variable 12 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

> (a) Three or more contemporaneous felonious criminal acts involving crimes against a person were committed……………………………...………...25 points

> * * *

> (d) One contemporaneous felonious criminal act involving a crime against a person was committed…………………………………………….....5 points

> * * *

(2) All of the following apply to scoring offense variable 12:

(a) A felonious criminal act is contemporaneous if both of the following circumstances exist:

(*i*) The act occurred within 24 hours of the sentencing offense.

(*ii*) The act has not and will not result in a separate conviction.

(b) A violation of section 227b of the Michigan penal code, 1931 PA 328, MCL 750.227b, should not be considered for scoring this variable.

The trial court found by a preponderance of the evidence that defendant committed three contemporaneous felonious acts: possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and armed robbery, MCL 750.529. But the jury acquitted defendant of each of those charges.

In *People v Beck*, ___ Mich ___; ____ NW2d ____ (2019) (Docket No. 152934); slip op at 22, our Supreme Court held that "due process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." Thus, once a defendant is "acquitted of a given crime, it violates due process to sentence the defendant as if he committed that very same crime." *Id*. at ___; slip op at 2. Here, the circuit court found by a preponderance of the evidence that defendant committed three crimes of which he was acquitted by the jury, and used that finding to score OV 12. Under *Beck*, that is not permitted. Accordingly, the circuit court erred by assigning any points to OV 12.

This error requires resentencing. As scored by the circuit court, defendant's total OV score was 80 points and his prior record variable (PRV) score was 70. These scores placed defendant in OV level IV and PRV level E respectively. Removing the 25 points that the circuit court assigned to OV 12 reduces defendant's total OV score to 55 points. This change places defendant in OV Level III, and reduces defendant's minimum sentencing guidelines range to 126 months to 262 months. MCL 777.62; MCL 777.21(3)(b). Because the scoring error affects defendant's sentencing range under the sentencing guidelines, he is entitled to resentencing. *People v Francisco*, 474 Mich 82, 89-90; 711 NW2d 44 (2006).

Because resentencing is already required due to the trial court's OV 12 error, we decline to address defendant's consecutive sentence argument. We remind the trial court on remand, however, that if it again chooses to impose consecutive sentences, it must "articulate on the record the reasons for each consecutive sentence imposed." *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016).

## V. OTHER ACTS EVIDENCE

Defendant concedes that this Court is bound by the law of the case doctrine regarding whether evidence of defendant's prior sexual assaults of other victims was admissible as other acts evidence. Instead, defendant states in his brief on appeal that, despite our Supreme Court already having declined to review the issue, he has raised this issue a second time to preserve it

for review by the Supreme Court. The law of the case doctrine "provides that an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case." *People v Herrera*, 204 Mich App 333, 340; 514 NW2d 543 (1994) (citations omitted). We agree that the doctrine applies, and decline to reach the merits of the other-acts evidence issue.

## VI. CONCLUSION

Defendant's convictions are affirmed. However, we vacate defendant's sentences and remand for resentencing. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jonathan Tukel