*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RONALD SCOTT,

Defendant-Appellant.

FOR PUBLICATION
August 25, 2022
9:05 a.m.

No. 336815
Macomb Circuit Court
LC No. 2014-003902-FC

Before: BOONSTRA, P.J., and SAWYER and MARKEY, JJ.

BOONSTRA, P.J.

## ON REMAND

This case is back before this Court for a third time on remand from our Supreme Court. See *People v Scott*, ___ Mich ___; 973 NW2d 306 (2022). Defendant appeals by right his jury-trial convictions of two counts of criminal sexual conduct in the first degree (CSC-I), MCL 750.520b(1)(e).[1] We vacate defendant's convictions and sentences and remand for further proceedings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 2012, defendant was arrested and charged with two counts of CSC-I, armed robbery, felony-firearm, and felon-in-possession. Before trial, the prosecution moved to admit other-acts evidence, but the trial court held that the evidence was inadmissible. The prosecution filed an interlocutory application for leave to appeal with this Court and, after granting the application, we reversed and remanded for further proceedings.[2] On November 14, 2016, defendant filed an

---

[1] Defendant was acquitted of one count each of armed robbery, MCL 750.529, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and felon in possession of a firearm (felon-in-possession), MCL 750.224f.

[2] *People v Scott*, unpublished per curiam opinion of the Court of Appeals, issued September 20, 2016 (Docket No. 331512).

application for leave to appeal this Court's decision with the Michigan Supreme Court. Defendant's jury trial began on November 15, 2016. The other-acts evidence that had been the subject of the prosecution's appeal was admitted at trial. The jury rendered its verdict, as described, on November 23, 2016. The trial court sentenced defendant on January 18, 2017. On January 31, 2017, the Michigan Supreme Court denied defendant's application for leave to appeal. *People v Scott*, 500 Mich 935; 889 NW2d 489 (2017).

Following his conviction and sentencing, defendant appealed by right. This Court vacated defendant's convictions and sentences and remanded for a new trial on the ground that the trial court had lacked subject-matter jurisdiction to conduct defendant's trial, under *People v Washington*, 321 Mich App 276; 908 NW2d 924 (2017) (*Washington I*), vacated and remanded 503 Mich 1030 (2019).[3] In 2019, in lieu of granting the *Washington* defendant's application for leave to appeal, the Supreme Court vacated and remanded *Washington I* to this Court for reconsideration. *People v Washington*, 503 Mich 1030; 926 NW2d 806 (2019). Also in 2019, the Supreme vacated this Court's opinion in this case and remanded this matter to be held in abeyance and reconsidered after *Washington I* was decided on remand. *People v Scott*, 504 Mich 939; 931 NW2d 341 (2019).

This Court subsequently decided *People v Washington (On Remand)*, 329 Mich App 604; 944 NW2d 142 (2019) (*Washington II*), rev'd 508 Mich 107 (2021). Then, on reconsideration of defendant's appeal in this case, this Court concluded that, under *Washington II*, the trial court did have subject-matter jurisdiction at defendant's trial. Considering the appeal on the merits, this Court affirmed defendant's convictions but remanded for resentencing.[4] In 2020, defendant filed an application for leave to appeal this Court's decision with the Supreme Court. While defendant's application was pending, our Supreme Court reversed this Court's decision in *Washington II*. *People v Washington*, 508 Mich 107; 972 NW2d 767 (2021) (*Washington III*).

On May 6, 2022, the Supreme Court vacated this Court's January 30, 2020 opinion in this case and remanded it to this Court for reconsideration in light of *Washington III*. *People v Scott*, ___ Mich ___; 973 NW2d 306 (2022). The Court directed this Court to "address whether [the Supreme] Court's decision in *Washington* [*III*] applies to the interlocutory appeal at issue in this case." *Id*. (citations omitted). This Court subsequently granted the prosecution's motion for supplemental briefing.[5]

## II. STANDARD OF REVIEW

We review de novo questions of law, such as the existence of subject-matter jurisdiction. *Washington III*, 508 Mich at 121. Parties may not waive or confer subject-matter jurisdiction on

---

[3] *People v Scott*, unpublished per curiam opinion of the Court of Appeals, issued January 24, 2019 (Docket No. 336815), at 1-5.

[4] *People v Scott*, unpublished per curiam opinion of the Court of Appeals, issued January 30, 2020 (Docket No. 336815).

[5] *People v Scott*, unpublished order of the Court of Appeals, entered June 8, 2022 (Docket No. 336815).

a court, and the issue of subject-matter jurisdiction may be raised at any time. See *People v Phillips*, 383 Mich 464, 469; 175 NW2d 740 (1970) ("Jurisdiction over the subject matter, of course, could not be conferred by consent or waiver[.]"); *In re Ives*, 314 Mich 690, 696; 23 NW 131 (1946).

## III. ANALYSIS

Defendant argues that the trial court lacked subject-matter jurisdiction to conduct his trial, and that his convictions and sentences must therefore be vacated. Under *Washington III*, we agree.

"Subject-matter jurisdiction is a legal term of art that concerns a court's authority to hear and determine a case." *Washington III*, 508 Mich at 121. The authority to hear and determine a case depends on the character or class of the case pending, not on the particular facts of the case. *Id*. Our Supreme Court has recognized that circuit courts have subject-matter jurisdiction over felony cases. *Id*. at 121-122.

In *Washington III*, the issue before the Supreme Court was "whether the trial court lacked subject-matter jurisdiction when it resentenced defendant in 2006 pursuant to a Court of Appeals order while defendant's application for leave to appeal that order was still pending in this Court." *Id*. at 113. In other words, the question was "whether the trial court was divested of subject-matter jurisdiction when the Court of Appeals assumed its appellate jurisdiction over the case." *Id*. at 122. The Court noted that, under the former court rules, this question had been answered in *People v George*, 399 Mich 638; 250 NW2d 491 (1977), in which the Court held that the trial court lacked jurisdiction to retry the defendant while the prosecution's application for leave to appeal this Court's order remanding for trial was still pending before the Supreme Court. *Washington III*, 508 Mich at 122-123. The Court then reached a similar result in *Washington III*, holding that

> defendant's appeal from the trial court's 2004 judgment of sentence divested the trial court of subject-matter jurisdiction over those aspects of the case involved in the appeal. When the Court of Appeals rendered its 2006 judgment, which included a remand for resentencing, jurisdiction remained with the appellate courts until this Court's disposition of defendant's application for leave to appeal the Court of Appeals' judgment. The trial court accordingly lacked subject-matter jurisdiction when it resentenced defendant before this Court rendered a decision regarding defendant's appeal. [*Id*. at 126-127 (citations omitted).]

Because the Court determined that the trial court had lacked subject-matter jurisdiction, the judgment of sentence was void *ab initio* and there was no valid sentence to review. *Id*. at 131.

The question before this Court is whether the Court's ruling in *Washington III* applies to the interlocutory appeal at issue in this case. We see no meaningful distinction between this case and *Washington III*, and therefore conclude that the same result is required. The trial court undisputedly erred by conducting a trial as it did after we issued our decision on the prosecution's interlocutory appeal but while defendant's application for leave to appeal this Court's decision was pending. See MCR 7.215(F)(1)(a). Under *Washington III*, the error was one of subject-matter jurisdiction; in other words, the trial court was divested of subject-matter jurisdiction over those aspects of the case involved in the appeal. In this case, the aspect of the case involved in the appeal

was the trial court's exclusion of other-acts evidence. The trial court conducted defendant's trial while allowing the admission of that evidence, despite the fact that the Supreme Court could have reversed this Court's order and precluded the admission of the evidence. Therefore, the Supreme Court "had the ability to greatly alter the course of the case[.]" *Washington III*, 508 Mich at 125. Accordingly, the trial court lacked subject-matter jurisdiction to try defendant while admitting the evidence that was the subject of the leave application before the Supreme Court, and the judgment of sentence is void. *Id*. at 132.

Under *Washington III*, we must vacate defendant's convictions and sentences and remand for a new trial.[6]

Vacated and remanded for a new trial. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jane E. Markey

---

[6] We note that, although the parties did not address the issue, it appears to us that when a trial court conducts a trial without subject-matter jurisdiction, jeopardy does not attach, either from conviction or acquittal. See *Hoffler v Bezio*, 726 F3d 144, 156 (CA 2, 2013), citing *Ball v United States*, 163 US 662; 16 S Ct 1192; 41 L Ed 300 (1896); see also *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992) ("When a court lacks subject matter jurisdiction to hear and determine a claim, any action it takes, other than to dismiss the action, is void."). Therefore, defendant may be retried on all charges, not merely the two counts of CSC-I of which he was convicted.